## VINA FIELDS

### *v.*

## PAUL BROWN, Receiver.

*Opinion filed December 20, 1900.*

1. LEASES—*lease executed in duplicate is binding—confession of judgment.* A lease, containing a power of attorney to confess judgment for unpaid rent, is binding upon both parties where one copy is signed and sealed and delivered by the lessee to the lessor, who signs and seals and delivers the other copy to the lessee; and the court has jurisdiction to enter judgment by confession upon the filing of the declaration, lease and warrant of attorney, cognovit and affidavit, showing the facts attending the execution of the lease and warrant of attorney.

2. SAME—*lessor, knowing property is used for house of ill-fame, cannot have judgment confessed for rent.* Under section 57 of the Criminal Code one who knowingly leases property for use as a house of ill-fame, or accepts rent knowing of such use, is guilty of a criminal offense, and is not entitled to invoke the aid of the courts to confess judgment for unpaid rent.

3. SAME—*right of lessee to show that lease was in violation of statute.* That the lessee is *in pari delicto* with the lessor does not deprive the lessee of the right to defend against the enforcement of the provisions of the lease on the ground that the contract was in violation of the statute concerning houses of ill-fame, since such defense is allowable upon principles of public policy, and not for the benefit of the party presenting it.

*Fields* v. *Brown*, 89 Ill. App. 287, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

HENRY M. SHABAD, for appellant.

KNIGHT & BROWN, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the First District affirmed the order and judgment of the circuit court of Cook county denying the motion presented by the appellant to vacate a judgment entered against her in open court on entry of her appearance and confession of judgment by virtue of an alleged warrant of attorney purporting to authorize such confession. The amount of the judgment is only $370, but the Appellate Court granted a certificate of importance, and this is an appeal perfected to this court to review the judgment of the Appellate Court.

The warrant of attorney was incorporated in a lease which, in its caption, purported to be executed by the appellee as lessor and the appellant as lessee. It contained mutual covenants, and was evidently drawn to be executed under the hands and seals of both the parties, but it bore only the signature and seal of the appellant. Appellant contends the instrument, on its face, is but an "unexecuted agreement or specialty, and therefore no warrant of attorney at all," and, "at most, in legal effect, a proposition,—*e. g.*, to give a warrant of attorney to confess judgment for any rent which may fall due, on condition that the landlord shall execute the paper by signing and sealing it,"—to quote from the brief of counsel.

The lease in which was incorporated the warrant of attorney, when presented to the court for the entry of the judgment, was accompanied by an affidavit to the effect that the appellant, in the presence of the affiant, signed

the said instrument; that it was executed in duplicate, one copy of which was signed by the appellee and then and there delivered to and accepted by the appellant, and the other (being the one before the court) was then and there signed by the appellant and delivered to and accepted by the appellee. The power to confess a judgment is clearly expressed in the instrument, and that it was signed and sealed by the appellant and delivered to and accepted by the appellee was fully proven. It was also proven a duplicate of the instrument was signed by the appellee and delivered to and accepted by the appellant. It was a complete and obligatory contract, binding upon each of the parties as fully as if each of them had in form signed and sealed both of the papers. *Ames* v. *Moir*, 130 Ill. 582; 7 Am. & Eng. Ency. of Law, (2d ed.) 138.

The power to confess a judgment being clearly given in the writing signed and sealed by the appellant, the circuit court was fully justified in accepting it as sufficient to authorize the entry of appearance and confession of a judgment. The filing of the declaration, lease and warrant of attorney, and affidavit of its execution, and the *cognovit*, presented a case of jurisdiction. *Bush* v. *Hanson*, 70 Ill. 480.

It appeared from affidavits filed in support of the motion to vacate or open the judgment, that the appellee, by his agents, at the time and before the execution of the lease upon which the judgment was rendered, knew that the appellant was leasing the same for the sole and only purpose of conducting therein a house of ill-fame or a place for the practice of prostitution; that it was used for such immoral and illegal purposes, and that the appellee, with full notice and knowledge thereof, received, from time to time, certain payments of rents knowing the money so paid to him was the proceeds of the unlawful and immoral use to which the leased premises were devoted. The judgment was confessed to secure payments of further installments of rent. In 15 Am. & Eng. Ency.

188—8

of Law (2d ed. p. 987) it is said there is a conflict of authority as to the effect of knowledge by one of the parties to an otherwise lawful contract of the unlawful purpose of the other party in entering into the contract, but that the weight of authority is that such mere knowledge does not render the contract illegal if the party having such knowledge does nothing in furtherance of such illegal purpose of the other party. The judicial decisions reviewed by the learned author of this article are cited in notes 2 and 3 appended to the text on said page 987. It would appear from these citations that mere knowledge of the illegal purpose of the other party has been held to render the contract illegal by the courts of last resort of Alabama, Indiana, Iowa, Maine, Massachusetts, Nebraska, Ohio and Canada. In this State the question must be decided in view of the statute bearing upon the subject. Section 57 of the Criminal Code, (1 Starr & Cur. Stat. 1896, chap. 38, par. 147, p. 1266,) is as follows: "Whoever keeps or maintains a house of ill-fame or place for the practice of prostitution or lewdness, or whoever patronizes the same, or lets any house, room or other premises for any such purpose, or shall keep a common, ill-governed and disorderly house, to the encouragement of idleness, gaming, drinking, fornication or other misbehavior, shall be fined not exceeding $200. When the lessee or keeper of a dwelling house or other building is convicted under this section, the lease or contract for letting the premises shall, at the option of the lessor, become void, and the lessor may have the like remedy to recover the possession as against a tenant holding over after the expiration of his term. And whoever shall lease to another any house, room or other premises, in whole or in part, for any of the uses or purposes finable under this section, or knowingly permits the same to be so used or occupied, shall be fined not exceeding $200, and the house or premises so leased, occupied or used shall be held liable for and may be sold for any judgment obtained under this section, but if such

building or premises belongs to a minor or other person under guardianship, then the guardian or conservator and his property shall be liable instead of such ward, and his property shall be subject to be sold for the payment of said judgment."

At the common law it was a criminal offense to keep a bawdy house, and one who leased a house with knowledge it was to be used as and for the purpose of keeping a bawdy house, or who afterward encouraged or partici-pated in the keeping of the same, was deemed guilty of a misdemeanor at the common law. (9 Am. & Eng. Ency. of Law,—2d ed.—527.) Our statute hereinbefore quoted declares it to be a criminal offense to keep a house of ill-fame or place for the practice of prostitution, or to lease to another a house for that purpose, or to knowingly permit a house to be used or occupied for that immoral purpose. One who leases a house with full knowledge it is leased by the tenant for the purpose of keeping a house of ill-fame or place for the practice of prostitution, and afterwards receives rent therefor and permits the house to be so used, is guilty of a violation of the statute, and on principles of public policy ought not to be permitted to invoke or obtain the aid of the courts to enforce stipulations in the contract of letting which will enable him to secure a judgment by confession for rent due for such use of the house. The lessee, in such case, even though *in pari delicto* with the lessor, ought not to be denied or deprived of the privilege of presenting the defense that the lease was illegal because of its being in violation of the public law of the State, for the defense is not allowed on the ground that the person presenting it is entitled to relief, but, as we said in *Goodrich* v. *Tenney,* 144 Ill. 422, "upon principles of public policy and to conserve the public welfare."

Greenhood on Public Policy, on pages 128 to 130, states the doctrine, as follows: "But a judgment obtained upon a contract within rule 2 (*i. e.,* on a contract against

public policy or opposed to good morals,) is not void, * * * nor will it be vacated or set aside unless the same has been entered upon a confession of judgment. * * * To hold that such a judgment entered (by confession) on a criminal and illegal obligation part of a transaction subversive of public interests shall be deemed an executed contract, with absolute right in the plaintiff to judicial process for collection, would be shocking to every man's sense of justice. The argument is the judgment shall stand, for the plaintiff need only show the note, and the defendant, as actor, will not be heard alleging his own and the plaintiff's turpitude in an application for opening the judgment. In one sense the plaintiff is an actor. He caused the confession of judgment on the void instrument and uses the processes of the law to collect the money agreed to be paid for its violation. The reason of a rule which allows a defendant to plead and prove the illegality of a contract in bar of a suit upon it demands that he be heard in an application to open a judgment so confessed. His rights are of secondary importance, and he is not heard for their vindication. It is the duty of the court, on proper showing, to open such a judgment, to the end that there may be a trial, or if suit had been originally commenced on the note or other obligation on which the judgment was entered."

The circuit court, on consideration of statements in the affidavit filed in support of the motion to open or vacate the judgment, should have vacated the judgment, or at least opened it up to let in the defendant to plead, allowing the lien of the judgment to remain as security for the benefit of the appellee in the event the plaintiff in the judgment should finally prevail.

The judgment of the circuit court, and that of the Appellate Court affirming it, are each reversed and the cause is remanded to the circuit court, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded.*