JAMES M. SCHLEY, JR., Appellant, *v.* MORNA C. ANDREWS, Respondent.

**Judgment — public policy — judgment confessed in favor of defendant to induce her to procure a divorce from plaintiff — such judgment is against public policy and illegal and cannot be enforced.**

This action was brought to enjoin the collection of so much of a judgment as remains unpaid and for other relief.   The plaintiff, in order to induce the defendant to procure a divorce, which was thereafter obtained, entered into an agreement by which he stipulated among other things that he would confess judgment for a substantial sum as collateral security for the payment of certain moneys to be paid by him from time to time for her support.   After making several payments plaintiff refused further to carry out the agreement, defendant having in the meantime remarried.   Thereupon she entered judgment upon the confession which she is taking proceedings to collect.   *Held,* that the agreement and confession were illegal. (Domestic Relations Law [Cons. Laws, ch. 14], sec. 51.)   They constituted a fraud upon the law, were against public policy, and could not be enforced by legal process, and judgment entered upon the confession occupies no better position.   The general rule is that the action being in equity, and each of the parties being equally at fault, they should be left where the court finds them, but it applies only to contracts which have been fully performed.   It does not apply where the contract remains in whole or in part executory since the agreement, confession and judgment must be considered together. The invalidity of one involves the invalidity of the others.   In so far,

however, as performance has been had the general rule should be applied, and the parties left where the court finds them, but to the extent that the judgment has not been collected, the court should interfere and prevent the arrangement being further consummated by the collection of the judgment.

*Schley* v. *Andrews,* 171 App. Div. 952, reversed.

(Argued October 21, 1918; decided January 7, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 27, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederic R. Coudert* and *Howard Thayer Kingsbury* for appellant. The agreement of September 1, 1911, and the confession of judgment securing it were illegal and void. (*Lake* v. *Lake,* 136 App. Div. 47; *Wolkovisky* v. *Rapaport,* 216 Mass. 48.) The appellant is entitled to relief so far as the contract is still executory. (Code Civ. Pro. § 1277; *G. P. & R. Mfg. Co.* v. *Mayor, etc.,* 108 N. Y. 276; *London & S. W. Bank, Ltd.,* v. *White,* 162 App. Div. 739; 212 N. Y. 594; *Jaffray* v. *Saussmaa,* 52 Hun, 561; 117 N. Y. 648; *Nat. Park Bank* v. *Salomnn,* 23 N. Y. S. R. 566; *Carey* v. *Grant,* 59 Barb. 574; *Schank* v. *Schuchman,* 212 N. Y. 352; *Trebilcox* v. *McAlpine,* 62 Hun, 317; *Clark* v. *Scovill,* 198 N. Y. 279; *McCall* v. *McCall,* 54 N. Y. 541; *Matter of City of Buffalo,* 78 N. Y. 362.) The appellant is in truth and substance in the position of a defendant objecting to the abuse by the respondent of the court's process. (*Richardson* v. *Crandall,* 48 N. Y. 348; *Gray* v. *Hook,* 4 N. Y. 449; *Dewitt* v. *Brisbane,* 16 N. Y. 508; *Fields* v. *Brown,* 188 Ill. 111; *Given's Appeal,* 121 Penn. St. 260; *Heath* v. *Cobb,* 17 N. C. 187.)

**112**                    SCHLEY *v.* ANDREWS.

*Herbert Noble* for respondent. Plaintiff was properly denied relief, as he came into a court of equity with unclean hands. (*Lake* v. *Lake*, 136 App. Div. 50; *Creath* v. *Sims*, 46 U. S. 192; *Harms* v. *Stern,* 231 Fed. Rep. 648; *Fay* v. *Lambourne*, 124 App. Div. 245; *Smith* v. *Rowley*, 66 Barb. 502.) Appellant cannot attack the validity of the judgment or the sufficiency of his statement in the confession upon which the judgment was entered. (*Nusbaum* v. *Keim*, 24 N. Y. 325; *Frost* v. *Koon*, 30 N. Y. 428; *Union Bank* v. *Bush*, 36 N. Y. 631; *Harrison* v. *Gibbons*, 71 N. Y. 58.) The judgment against plaintiff and in favor of defendant is an executed contract. (*Gutta Percha & R. Mfg. Co.* v. *Mayor*, 108 N. Y. 276.)

McLAUGHLIN, J. This action was brought to enjoin the collection of so much of a judgment as remains unpaid and for other relief. The parties were formerly husband and wife. Unhappy differences having arisen between them, the plaintiff, in order to induce the defendant to procure a divorce, and if she did so to provide for her support, entered into an agreement by which he stipulated if she would procure a divorce he would pay her $200 per month during her life; that he would have his life insured in the sum of $20,000, payable to her upon his death in case she had not in the meantime again married; and as collateral security for the payment of the $200 per month he would confess judgment for $35,000. Defendant procured a divorce and thereafter the agreement, confession of judgment and policy of insurance were delivered to her. After making several payments he refused further to carry out the agreement, she having in the meantime remarried. Thereupon she entered judgment upon the confession for $35,017.87, which according to the findings she threatens and is about to take proceedings to collect. Such threat she has already put into effect, according to a statement in respondent's

brief, by issuing an execution upon the judgment, and the same having been returned wholly unsatisfied, she has obtained another execution under section 1391 of the Code of Civil Procedure, by which ten per cent of the income of a trust fund created for the benefit of the appellant is now actually being taken for the purpose of satisfying the judgment. At the trial the complaint was dismissed on the merits, and from a judgment entered to that effect the plaintiff appealed to the Appellate Division, where the same was affirmed, two of the justices dissenting, and he now comes to this court.

The agreement was entered into by the plaintiff for the sole purpose of inducing the defendant to procure a divorce. This the defendant at the time of the execution thoroughly understood, since the agreement provided that if she did not do so, it and the confession of judgment were to be of no effect. The confession, the court found, was intended as collateral security for the payment of the amounts stipulated in the agreement to be made. The agreement and confession were illegal. (Domestic Relations Law [Cons. Laws, ch. 14], sec. 51.) They constituted a fraud upon the law. They were against public policy, and could not be enforced by legal process. (*Wolkovisky* v. *Rapaport,* 216 Mass. 48.) The judgment entered upon the confession occupies no better position. It has for its support an illegal consideration, which the court does not recognize and which it never hesitates to condemn. To this extent I understand all the members of the court are in accord. Some of them, however, are of the opinion that the action being in equity, and each of the parties being equally at fault, they should be left where the court finds them. This is the general rule, but it applies only to contracts which have been fully performed. It does not apply where the contract remains in whole or in part executory. The agreement, confession and judgment must be considered together. They were each and all

8

intended to accomplish a single purpose, namely, the payment to the respondent of $200 per month during her life, provided she would obtain a divorce. The invalidity of one involves the invalidity of the others. In so far, however, as performance has been had the general rule should be applied, and the parties left where the court finds them, but to the extent that the judgment has not been collected, I think the court, out of its respect for the enforcement of the law, as well as on the ground of a wise and wholesome public policy, should interfere and prevent the arrangement being further consummated by the collection of the judgment. This view is supported by cases in other states. (*Fields* v. *Brown,* 188 Ill. 111; *Given's Appeal,* 121 Penn. St. 260; *Heath* v. *Cobb,* 17 N. C. [2 Dev. Eq.] 187.)

The plaintiff refuses to make further payments. The judgment, therefore, can only be collected by an execution in the hands of the sheriff. An execution is a process of the court (Code Civil Procedure, secs. 1364, 3343, subd. 2), and the sheriff is its officer to enforce the process. If the court refuses to interfere, then it inferentially, at least, places its seal of approval, not only upon the defendant's acts in collecting so much of an illegal judgment as remains unpaid, but it permits such collection to be made by its process and officer. I do not think this the court should do. If the defendant had obtained a divorce in this state, and the judgment had awarded her $200 per month alimony, and she had again married, as she has here done, and the plaintiff had made a motion to be relieved from such payment, the court would have had to grant the motion. The statute so provides (Code Civil Procedure, sec. 1771), and while this statute has no direct bearing on the question being considered, it indicates by its enactment a legislative intent that as a matter of public policy a wife who has a husband with whom she is living should be supported by him and not

by one from whom she has been divorced. The defendant on the ground of public policy is in no better position to compel plaintiff to pay the $200 a month than she would be if that payment were by virtue of a judgment dissolving the marriage contract. Indeed, she is in not nearly as good a position, because the judgment which she holds is clearly illegal, and ought not to be enforced.

My conclusion is that the execution which has been issued upon the judgment should be vacated, and the respondent enjoined from taking or attempting to take any further proceeding for the enforcement of the judgment.

CRANE, J. (concurring). We are all agreed that the contract executed in this case was illegal and against public policy. The wife was given a confession of judgment upon the consideration that she should obtain a divorce from her husband. Having obtained the divorce she has entered judgment upon the confession and is proceeding to collect it through officers of the law. The husband made application to the Supreme Court to set aside the judgment because of the illegal nature of the transaction, but the motion was denied upon the ground that his relief was in equity. He has brought this action to set aside the judgment and to enjoin the execution issued thereon. The defendant is his wife, under her name by remarriage. Relief has been denied the plaintiff upon the principle that he has not come into equity with clean hands, and pleads his own moral turpitude. The question is: in matters dealing with the marital status should this general principle of equity outweigh a sound public policy by treating a confessed judgment as an executed contract.

If the wife had brought suit upon the contract for the money promised, the husband could have defended on the ground of the illegal nature of the consideration. If judgment in such action had been taken by default,

the husband, thereafter, could have moved the court to open the default and permit him to appear and plead the illegal consideration. Such application would not have been denied.

There is little difference between a judgment by confession and a judgment by default. The motion which the husband in this case made to set aside the judgment entered by confession should have been granted at least to the extent of permitting him to come in and defend. The evidence in such an action would have been the same as that given in this case, and the decision would have set aside the judgment absolutely.

The husband, however, has become the plaintiff, for reasons stated, and seeks the same relief which would have been given him had he been a defendant, or had his motion at Special Term been granted and he permitted to defend. Public policy has a stronger claim for action by the court in such a case as this than the " clean hand " equity rule has for non-action.

In *Bredin's Appeal* (92 Penn. St. 241) a petition was made to open a judgment entered by confession and permit the defendant to set up the illegality of the consideration which was the compounding of a felony. It was there stated: ,

" There is no difference in legal effect between a judgment confessed, or for want of appearance or plea, and a judgment on the verdict of a jury. The court in which the judgment is rendered will indeed open one of the former kind, and let the defendant into a defence in a proper case and upon equitable terms. * * *

" The entry of judgments, either by attorneys or prothonotaries, on judgment-notes, is very common. These though having the same effect as if on the verdict of a jury, while they stand, in fact, never were the results of adjudication. To hold that such a judgment entered on an immoral and illegal obligation, part of a transaction

subversive of public interests, shall be deemed an executed contract, with absolute right in the plaintiff to judicial process for collection, would be shocking to every man's sense of justice. The argument is that the judgment shall stand, for the plaintiff need only show the note, and the defendant, as actor, will not be heard alleging his own and the plaintiff's turpitude in an application for opening the judgment. * * * The reason of the rule which allows a defendant to plead and prove the illegality of a contract in bar of a suit upon it, demands that he be heard in an application to open a judgment so confessed. His rights are of secondary importance, and he is not heard for their vindication. It is the duty of the court, on proper showing, to open such a judgment, to the end that there may be a trial as if suit had been originally commenced on the note or other obligation on which the judgment was entered."

I am of the opinion, therefore, that the complaint in this action should not have been dismissed, but that the relief prayed for should have been granted. And I go further than some of my associates who would simply enjoin the collection of the money, leaving the judgment to stand as an executed transaction. The judgment should be set aside in *toto*, and the wife enjoined from proceeding further under the contract. ⌐

HISCOCK, Ch. J., CHASE and CUDDEBACK, JJ., concur with MCLAUGHLIN, J.; CRANE, J., in opinion votes to reverse judgments and to order judgment vacating judgment in favor of defendant against plaintiff; COLLIN and HOGAN, JJ., vote or affirmance.

Judgments reversed so far as they dismiss complaint and judgment ordered vacating execution issued on judgment in favor of defendant against plaintiff and enjoining further proceedings for enforcement of said judgment, without costs.