SWINBURNE *v.* DAHMS.

(Decided January 16, 1928.)

*Mr. William M. Vance,* for plaintiff in error.
*Mr. Harry Hess,* for defendant in error.

HAMILTON, P. J.    Plaintiff in error, Ray D. Swinburne, brought his action in the municipal court of

Cincinnati against the defendant in error, Otto Dahms, on his liability as an accommodation indorser on several promissory notes, aggregating $300, payable to Swinburne. The notes were in the sum of $21 each. The maker of the notes was Steve J. Klein, who purchased an automobile from Swinburne for the sum of $300 and gave his check in payment therefor. The check was returned, marked "Insufficient funds," and, thereupon, Swinburne caused the arrest of Klein, on the charge of giving a check without funds to meet it. Thereupon negotiations for a settlement of the claim were had. The notes in questions were executed, and the defendant in error, Dahms, indorsed the notes as accommodation indorser, for the reason, as he stated:

"I signed the notes on account that Mr. Gilday came to me and wanted me to sign the notes for a man to get him out of jail."

The trial of the case in the municipal court resulted in a judgment for Swinburne, the plaintiff, for the full amount of the notes. Dahms prosecuted error to the court of common pleas, which court reversed the municipal court and entered judgment in favor of Dahms, on the ground that the notes were void by reason of illegality of consideration.

Error is prosecuted to this court, seeking a reversal of the judgment of the court of common pleas and an affirmance of the judgment of the municipal court.

The main point stressed here is that, as the common pleas court in effect reversed on the weight of the evidence, it was without power to enter judgment for Dahms, but should have remanded the case for a new trial.

The question therefore turns on whether or not the record shows conclusively that the notes were

given for an illegal consideration, to wit, the suppression of prosecution for crime.

We have already given Dahm's statement to the effect that he signed as indorser to get a man out of jail. The man was Klein, the maker of the notes. Klein at the time was under arrest at the instance of Swinburne. Gilday, who secured Dahm's indorsement, was counsel for Klein. It was testified to, in substance, by a witness for the plaintiff, that prosecution would not have been waived had it not been for Mr. Dahm's indorsing the notes.

The evidence is conclusive that the notes were executed and indorsed for the purpose of stopping the prosecution begun by Swinburne against Klein. That such a consideration is an illegal one, voiding the instruments, is settled law. That the notes incidentally discharged the original debt does not change the real consideration.

The facts show conclusively the illegal consideration and the court of common pleas did not err in entering the judgment that it did.

Something is claimed from the fact that the records of the municipal court show the defendant was dismissed, and do not show it was done at the instance of Swinburne. We do not consider this important, as the evidence shows conclusively the purpose of executing the notes and procuring the indorsements thereon: namely, the purpose of stopping the prosecution and releasing Klein from criminal liability.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.