DAHMS *v.* SWINBURNE ET AL.

(Decided April 2, 1929.)

*Mr. Harry Hess*, for plaintiff in error.
*Mr. Wm. M. Vance*, for defendants in error.

Ross, J.   This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein a judgment was rendered dismissing the amended petition.

The facts are: A judgment was obtained against the plaintiff in error, Otto Dahms, upon several promissory notes, and execution was about to be levied upon this judgment in the municipal court of Cincinnati. The instant proceeding was brought to declare said judgment null and void, on the ground that it was secured through fraud, and to enjoin the levying of execution upon said judgment.

The amended petition recites the rendering of the judgment against the plaintiff in error upon four promissory notes, "which were four of a series of notes given to suppress a criminal prosecution;" that said judgment was "obtained by suppression and concealment of the facts; that said notes were void and given to suppress a criminal prosecution in said court, which fact was unknown to plaintiff and not pleaded in the municipal court, and he was prevented from pleading said fact."

It was further alleged that an execution under said judgment had been placed in the "hands of Harry Bahlke, as bailiff of said municipal court, and said Harry Bahlke threatens to, and will, levy execution on the goods and chattels of this plaintiff."

A motion to strike the amended petition from the files and dismiss the same was made by the defendant below and this motion was granted.

It is axiomatic that fraud vitiates and makes void everything it touches. This includes a judgment rendered in a proceeding which has for its basis a fraudulent foundation.

The municipal court has no equity jurisdiction. However, the general equity jurisdiction of the court of common pleas is wide enough to include a pro-

ceeding to set aside a judgment obtained by fraud in the municipal court. *Darst* v. *Phillips,* 41 Ohio St., 514, and *Howenstine, Admr.,* v. *Sweet,* 13 C. C., 239, 7 C. D., 498.

There has been no change in the Constitution or statute law of Ohio affecting the application of these authorities to the case at bar.

The question before this court is whether the facts stated in the amended petition show such fraud as will furnish a ground for a proceeding to set aside the original judgment in the municipal court of Cincinnati. The notes upon which the original action was based were void, for the reason that they were "executed and delivered in furtherance of an agreement for the suppression of a criminal prosecution." See opinion of this court in the case of *Swinburne* v. *Dahms,* 29 Ohio App., 390, 162 N. E., 776. These notes, therefore, could not constitute a basis for a suit, and the plaintiff, being aware of this fact, was guilty of fraud in initiating litigation upon said notes, knowing the notes were void.

But there is still a stronger reason why the action of the lower court constituted error. The notes in the original suit were given for the purpose of suppressing a criminal prosecution, and, if the crime was a felony, constituted a violation of the statutes of Ohio prohibiting the compounding of a felony. In any event the execution of the original contract involving the payment of the notes, and the judgment predicated upon them, is against public policy, and if a court of equity refuses to restrain the execution of the judgment, based upon the notes given to suppress a criminal prosecution, it permits, by such negative action, affirmative relief in favor of the

party who is thus permitted to use the courts to obtain a result which would have been forestalled even in a court of law had the illegal character of the consideration been made apparent in the original suit. Nor can it be urged that, because the parties are *in pari delicto,* equity will not grant relief to a suppliant who comes into such court of equity with unclean hands, for the instant cause constitutes one of the exceptions to the general rule.

In 2 Pomeroy's Equity Jurisprudence, (4th Ed.), Section 941, page 1998, the author, having in previous sections set forth the general rule that equity will not afford relief from an illegal contract, stated:

"To the foregoing rules there is an important limitation. Even where the contracting parties are *in pari delicto,* the courts may interfere from motives of public policy. Whenever public policy is considered as advanced by allowing either party to sue for relief against the transaction, then relief is given to him. In pursuance of this principle, and in compliance with the demands of a high public policy, equity *may* aid a party equally guilty with his opponent, not only by canceling and ordering the surrender of an executory agreement, but even by setting aside an executed contract, conveyance, or transfer, and decreeing the recovery back of money paid or property delivered in performance of the agreement. The cases in which this limitation may apply and the affirmative relief may thus be granted include the class of contracts which are intrinsically contrary to public policy—contracts in which the illegality itself consists in their opposition to public policy, and any other species of illegal contracts in which, from their particular circumstances, inciden-

tal and collateral motives of public policy require relief."

A case somewhat similar to the case at bar is *Schley* v. *Andrews*, 225 N. Y., 110, 121 N. E., 812, in which a court of equity intervened to restrain an execution upon a confessed judgment based upon an illegal consideration, to wit, a collusive divorce agreement. In this case it was held that the rule that, where each of the parties to a suit in equity is equally at fault, they will be left where the court finds them, applies only to contracts which have been fully performed, but not to contracts remaining in whole or in part executory. See, also, 34 Corpus Juris, "Judgments," Section 715, page 457. While these latter authorities base their conclusion upon the executory character of the transaction, they evidently take for granted the rule as set out in Pomeroy, *supra*.

For these reasons, the amended petition alleges sufficient facts to constitute a cause of action, and it was prejudicial error to dismiss the same.

It is claimed that there was a misjoinder of the defendants, in that there is no such person as the bailiff of the municipal court. As far as this proceeding is concerned, the pleadings must be taken as they stand, and, at all events, the amended petition alleges that an execution was in the hands of an officer of the municipal court, who was about to enforce the same. The officer, therefore, whoever he may be, is a proper and necessary party, and the amended petition is not demurrable or subject to a motion to strike by reason of misjoinder of parties defendant.

A demurrer was filed to the original petition. This

518

demurrer was sustained, and it is claimed that the amended petition varies in no way from the original petition, and that the court was therefore justified under the law laid down in the case of *Robinson* v. *Fitch,* 26 Ohio St., 659, in granting the motion to strike.

This authority and others cited along the same line do not, however, justify the court in dismissing an amended petition upon motion to strike, where such amended petition states a good cause of action, even though it varies in no material effect from a petition to which the court has sustained a demurrer, for the reason that the demurrer, if leveled at the amended petition, should have been overruled.

For the reasons given, the judgment of the court of common pleas is reversed, and the cause is remanded for such proceedings as may be in accordance with law.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and HAMILTON, J., concur.