ANNA H. FRIEDENBERG, Formerly Known as ANNA H. EVANS, Respondent, *v.* WILLIAM S. EVANS, Appellant.

First Department, May 31, 1940.

*John W. Van Gordon,* for the appellant.

*Henry Fluegelman* of counsel [*Ralph O. L. Fay* with him on the brief], for the respondent.

O'MALLEY, J. The question presented is whether upon the evidence adduced, the jury were entitled to find that under an agreement entered into between the parties (formerly husband and wife) the plaintiff was entitled to receive the sum of $250 monthly for life, notwithstanding her remarriage or defendant's prior death.

The agreement recited that the parties were desirous of making " an agreement for alimony, property settlement and the care of the children." The paragraph relating to the alimony, so far as material, reads: "After both children have completed their college and professional education and entered upon the practice of their professions, or entered upon business careers and are able to support themselves and it is no longer necessary for the defendant to contribute towards their education and support, the defendant will pay the plaintiff for her support, maintenance, dwelling, necessaries and all other expenses, $300 monthly on or before the 16th day of each month, and before said period arrives, and on and after the date

of the final decree herein, if in favor of plaintiff $250 monthly payable on before the 16th day of each month for her support, maintenance, dwelling, necessaries and all other expenses. * * * ''

The children not having completed their college and professional education, the plaintiff was entitled to no more than $250 monthly payment. Concededly, she has been paid at that rate until her remarriage. It is to be noted that the agreement does not fix any time limitation for the payments to be made.

Plaintiff's action is predicated upon the claim that the payments were to continue for her life, even though she might remarry, and even though the defendant might have died. It is urged that the agreement contemplated not only the settlement of alimony between the parties, but also covered the custody of the children and more particularly a property settlement. Therefore, plaintiff urges that the paragraph above quoted should not be construed as applicable to alimony only. Defendant on the other hand contends that the usual rule, that alimony is not payable after remarriage of the wife or death of the husband, is applicable. (*Schley* v. *Andrews*, 225 N. Y. 110; *Wilson* v. *Hinman*, 182 id. 408.)

On a prior appeal to this court from an order denying defendant's motion for summary judgment, we held that there was presented an issue of fact as to the intention of the parties with respect to the time payment of alimony was to continue (258 App. Div. 715).

Upon the trial, plaintiff gave evidence tending to show the extent of the property settlement and that it was orally agreed between herself and the defendant that the provisions for the payment of alimony were to continue during her lifetime. Defendant, on the other hand, denied that there was any such understanding and, in addition, testified that when the agreement was first drafted he objected to a provision which required him to make payments for plaintiff's life; that he informed her attorney that he would not sign the agreement unless there was also inserted a provision that the payments were to continue only until she remarried; that as a result of negotiations with this attorney it was finally agreed that any provision as to time of payments should be omitted from the agreement and should be the subject of a separate written memorandum; that the substance of this memorandum which defendant claims to have delivered to plaintiff's attorney, was to the effect that, while no definite time was to be fixed in the agreement for payments, paragraph 15th or any renewal thereof should mean that the plaintiff would receive alimony as long as she lived or until she remarried. This memorandum was delivered to plaintiff's attorney.

It was conceded at the time that the attorney in question was acting as plaintiff's agent and representative. This attorney was not called as a witness for the plaintiff nor was any explanation offered for her failure to call him.

It seems to us that this testimony of defendant was not improbable and that the plaintiff not having called the attorney, who so far as appears was available, to contradict the defendant upon this term of the agreement, the verdict of the jury was against the weight of the credible evidence.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the defendant to abide the event.

MARTIN, P. J., and UNTERMYER, J., concur; GLENNON and DORE, JJ.: Since we believe that there are errors other than those assigned, we concur only in the result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.