In the Matter of the Estate of EDWARD W. HELLWIG, Deceased.

Surrogate's Court, New York County, April 21, 1942.

*Thomas A. McGrath*, for the petitioner.

*Loucks, O'Ryan & Cullen* [*John F. O'Ryan, James M. Grady* and *Charles H. George* of counsel], for the respondents.

FOLEY, S.   In this proceeding to compel the executrix to account, a preliminary issue is raised as to the status of the petitioner as a creditor of the estate.   The petitioner is the former wife of decedent.   She has filed a claim based upon a separation agreement executed by her and the decedent on July 15, 1935.   The single defense to the claim is that the separation agreement is part of a bargain to procure a divorce and is, therefore, illegal and void.

The surrogate holds that the agreement sued on is in all respects legal and valid and that the petitioner is entitled to enforce it against the estate in accordance with its terms.

The separation agreement upon which the claim is based is in writing and purports to express the complete agreement of the parties.   On its face it gives no hint of the infirmity which is charged against it.   The vice of the contract, the executrix charges, springs from the fact that the written agreement of separation was only a part of the real agreement, and that an oral bargain was entered into whereby the wife was to procure a divorce in Reno and the decedent was to pay the expenses and to facilitate the divorce. This oral agreement is claimed to be a vital part of the entire agreement and the real consideration for the written contract.

If such facts were established, the contract would be unenforcible in its entirety, for it is a firmly established principle of law in this State that an agreement made for the purpose of inducing

one of the parties to procure a divorce is illegal and void. (*Schley* v. *Andrews*, 225 N. Y. 110; *Harris* v. *Harris*, 287 id. 444, 448; *Murthey* v. *Murthey*, Id. 740; Dom. Rel. Law, § 51.) The court will condemn such a bargain even though the illegality is not apparent upon its face where the written agreement was part of a general unlawful scheme or where it has for its support an illegal consideration. (*Murthey* v. *Murthey, supra; Schley* v. *Andrews, supra; Train* v. *Davidson*, 20 App. Div. 577; 6 Williston on Contracts [Rev. ed.], § 1753.) Such, however, is not the case here. The evidence in the pending proceeding wholly fails to support any inference that the written agreement was tainted with illegality or was any part of a scheme to facilitate a divorce.

Petitioner testified in her own behalf and denied that any agreement to procure a divorce had ever been made. She stated that she had never had any conversation or discussion with decedent concerning a divorce until after the written agreement had been fully executed. The agreement was entered into in settlement of a pending separation action which petitioner had instituted against the decedent. In the preparation of this agreement both parties had the assistance of competent counsel. No witness has been called to impugn the validity of the agreement. The decedent during his lifetime never repudiated the obligations it imposed upon him.

The executrix seeks to establish the invalidity of the instrument, not by direct evidence, but by circumstantial proof, building inference upon inference. From a series of facts and transactions, all of which transpired after the execution of the separation agreement, the surrogate is asked to infer not only that the divorce was procured by agreement of the parties but also that such agreement, if made, was collateral to the contract of separation and a part of the same general plan. A subsequent illegal arrangement would not infect with invalidity contracts between the parties made prior to the initiation of any such arrangement and innocent of any connection with it. (*Ferkin* v. *Board of Education*, 278 N. Y. 263, 268: *Murray* v. *Narwood*, 192 id. 172, 176, 179; *Cook* v. *Barnes*, 36 id. 520.)

The facts in evidence before the surrogate do not warrant the inferences which the respondent executrix seeks to draw from them. " It is entirely true that a material fact in a civil or criminal action may be established by circumstantial evidence, but the circumstances must be such as to lead fairly and reasonably to the conclusion sought to be established and to exclude any other hypothesis fairly and reasonably." (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90, 93; *Srogi* v. *New York Central Railroad Co.*, 247 App. Div. 95, 99.) Here the facts proven are entirely consistent

with the explanation of the petitioner. The contract being valid upon its face, the burden of establishing its illegality rested upon the respondent. (*Dykers* v. *Townsend*, 24 N. Y. 57, 63; *Harris* v. *White*, 81 id. 532, 547; *Milbank* v. *Jones*, 127 id. 370, 376; *Richards* v. *Wiener Co.*, 207 id. 59, 65.) In *Dykers* v. *Townsend* (*supra*) Judge HOYT wrote: " Where a contract is apparently valid upon its face, the party seeking to impeach it must prove that it was made under such circumstances or for such purpose as to render it void, before the defence can be made available."

The surrogate, therefore, holds that the separation agreement is valid and enforcible and constitutes a legal obligation of this estate. Under the terms of the agreement, petitioner became entitled to receive the sum of $500 on the first day of each month up to and including July, 1940. This sum was unpaid for the months of January and February, 1940, and for the five months succeeding decedent's death on February 19, 1940. Against this liquidated sum of $3,500, there must be credited the sum of $1,500 heretofore allowed to petitioner by order of the court on consent of all parties. The balance is the fixed liability of the estate to petitioner.

The question of the amounts due for each month subsequent to July, 1940, involves a judicial construction of the instrument, and is reserved for determination in the accounting proceeding.

The executrix is directed to file her account and institute a proceeding for its judicial settlement on or before May 29, 1942

Submit order on notice accordingly.