ANONYMOUS, Plaintiff, *v.* ANONYMOUS, Defendant.*

Supreme Court, Special Term, Erie County, December 4, 1948.

* Because children of each of the parties would be injured by undue and unmerited publicity, the parties are made anonymous.

*A. Irving Milch* for plaintiff.

Defendant in default.

OTTAWAY, J. The plaintiff was previously married and at the time first in question was living with her first husband and their two children. The defendant at that time was also married and was living with his first wife and their two children.

It is the plaintiff's claim that at that time the parties here entered into an agreement that each should separate from his respective spouse; that each should proceed to Reno, Nevada, and there secure a divorce; and that these parties should then marry. This agreement the plaintiff says was fully performed by her. She now claims that the agreement was secured by fraud on the part of defendant in that he agreed as a part thereof that when these parties had married they would have children and would raise a family to take the place of the children that each had abandoned at the time of the respective separations. Plaintiff claims that defendant in fact had no such intention and only made the statements claimed for the purpose of inducing plaintiff to enter into this agreement. On such alleged fraud plaintiff seeks annulment of her marriage to the defendant.

Though served with the summons and complaint defendant has not answered and is in default. However the plaintiff must present proof sufficient to make out a prima facie case. Failing this she is not entitled to the relief requested.

Plaintiff has not made out such a case. Assuming for the moment that the court is naive and credulous enough to believe the testimony to the effect that there really was a premarriage agreement to have children, and that one of the parties merely made the statement in question for the purpose of defrauding the other party to the agreement, and further that later the alleged promise to have children was broken and that this was the real reason for the separation of the parties, there is still a basic reason why plaintiff may not succeed.

The contract in question was against public policy, illegal and unenforcible. This contract provided an inducement to each of the parties to break up his respective home, leave his

spouse and seek a divorce. Such contracts are not to be enforced in courts of law. (*Schley* v. *Andrews*, 225 N. Y. 110; *Matter of Hughes*, 225 App. Div. 29; *Matter of Rhinelander*, 290 N. Y. 31; Restatement, Contracts, § 586.) The evidence indicates this was one entire agreement and is not now to be severed and broken up into separate contracts so that plaintiff may base an action on one part thereof. Where parties have made contracts which are against public policy it is the purpose of the law to leave them in the place where they find themselves and to deny them recourse to the courts.

Annulment denied.