F. EVELYN KEPNER, Appellant, v. J. WILLIAM KEPNER, Respondent.

Third Department, January 17, 1961.

*Andrews, McBride, Abend, Pomeroy & Kennedy* (*Stuart E. Pomeroy* of counsel), for appellant.

*Travis & Whiting* for respondent.

HERLIHY, J. The action results from a separation agreement between the parties which was executed on May 19, 1959. The plaintiff now seeks to void the agreement, contending that it is in violation of section 51 of the Domestic Relations Law in that it was made in contemplation of the parties obtaining a divorce and contrary to public policy of this State. It is also claimed that it violates the section inasmuch as the husband is relieved of his financial obligation to support his wife. The parties separated in March, 1958.

In the second cause of action of the complaint the plaintiff alleged that two paragraphs of the separation agreement violate the above section and that therefore the agreement in its entirety is null and void. The paragraphs follow:

"Eleventh: The provisions of this agreement shall not be construed to prevent party of the second part from suing for an absolute or limited divorce in this state or any other state of competent jurisdiction upon such grounds as she shall elect or as she may be advised; but no decree so obtained by second party shall in any way affect this agreement or any of the terms, covenants, or conditions hereof, this agreement being absolute, unconditional, and irrevocable and both parties intending to be legally bound hereby, and party of the first part agrees to execute any power of attorney, waivers of notice, notice of appearance, answers, or any other legal documents required by said court.

"Twelfth: The party of the second part agrees that in the event she has not obtained a final divorce decree against the party of the first part in any state of the United States within one year from the date of the execution of this instrument

that the party of the first part may then institute in any foreign state of his choosing an action against the party of the second part for an absolute divorce upon grounds recognized in said state, and that the party of the second part will submit to the jurisdiction of the court of said foreign state in which the action may be commenced by the party of the first part and agrees to be bound by the decision of a decree dissolving the marriage between the parties, and the party of the second part further agrees that she will execute any power of attorney, waivers of notice, notice of appearance, answers, or any other legal documents required by said court, and it is again agreed by both parties that a decree so obtained by the party of the first part shall in no way affect this agreement or any other terms, covenants or conditions hereof, this agreement being absolute, unconditional and irrevocable and both parties intending to be legally bound hereby.''

Section 51 of the Domestic Relations Law as to the pertinent part with which we are concerned reads: '' but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife.''

In the most liberal aspect to which plaintiff is entitled the complaint alleges that the agreement is invalid as made in contemplation of divorce; that it provides that the parties will accept the necessary service in the divorce proceeding and comply with any procedural requirements necessary to submit to the jurisdiction of the court and that the provisions for the support of the plaintiff are so inadequate and inequitable as to relieve the defendant from his obligation of support.

We are of the opinion that paragraphs '' Eleventh '' and '' Twelfth '' of the agreement are not violative of section 51 of the Domestic Relations Law.

Paragraph '' Eleventh '' makes the separation agreement '' absolute, unconditional, and irrevocable '' but does not prevent the plaintiff herein from seeking and obtaining a divorce and the defendant commits himself to appear in the action as may be required. There is no mandatory requirement that the plaintiff, in order to benefit from the terms of the separation agreement, obtain a divorce. It is optional at her pleasure, if at all.

Paragraph '' Twelfth '' is somewhat the reverse in that it provides that if the plaintiff does not elect to obtain a divorce within a period of one year, then the defendant herein could start such a proceeding and the plaintiff would submit to the jurisdiction of the court in a divorce proceeding and would execute whatever notice was necessary to accomplish that result. However, it specifically provides that the terms of the separa-

tion agreement would not be affected under any circumstances and it seems obvious that the separation agreement was not and could not be considered a bargaining agent for the purpose of inducing the plaintiff to obtain a divorce. If the defendant husband in reliance upon paragraph "Twelfth" instituted an action for divorce and the plaintiff refused to submit to the jurisdiction of the court, the separation agreement would not be abrogated. The cases cited by the appellant do not so hold.

In *Schley* v. *Andrews* (225 N. Y. 110) the benefits to be derived from the agreement were conditioned and contingent upon the obtaining of a divorce.

In *MacPherson* v. *MacPherson* (286 App. Div. 991) the parties agreed — not to submit to the jurisdiction as in the present case — that either party could obtain counsel for the other who would appear on behalf of the defaulted one so as to give the court jurisdiction. Such circumstances the court therein found constituted a real intention on the part of the parties to give each other full authority to secure a divorce at any time either might wish or determine.

*Reed* v. *Robertson* (302 N. Y. 596) affirmed the decision of the Appellate Division (276 App. Div. 902) which found that the agreement " in light of its background, circumstances and provisions, was an agreement tending to dissolve the marriage of the parties ". In that case the wife, as a defendant, agreed in return for the husband plaintiff appearing in a foreign State divorce action to renounce all her rights of support from him.

Separation agreements often make provisions that either party may obtain a divorce, in which event the separation agreement either does or does not become part of the decree depending upon the intent of the parties. (*Matter of Rhinelander*, 290 N. Y. 31, 37.) The test is to determine whether the separation agreement is contingent or conditioned upon the obtaining of a divorce and if so, it is in contemplation of such divorce and against public policy. If, however, as here, the terms of the separation agreement are effective regardless of any divorce proceedings, it is not against public policy. We cannot take out of context that part of paragraph " Twelfth " which refers to a time limitation of one year — after which defendant husband could institute divorce proceedings — and interpret that as showing an intent to dissolve the marriage so as to violate section 51. The agreement must be read and the intent thereof determined from its entirety.

The plaintiff further contends the agreement violates the public policy of this State because it tends " to relieve the husband from his liability to support his wife ". It is not con-

tended that the defendant has failed to make provisions for the support of the plaintiff but rather that the quantum of support is not sufficient and this is the crux of the plaintiff's claim. Whether the agreement is such as to provide support for the plaintiff in conformity with her former mode of living is not a matter of " public policy " within the meaning of this section. If the wife waived her right to support in return for a divorce, the section would be violated. There must be a showing that the financial provisions for her support were intended as a premium or award, inducement or advantage to the wife for procuring a divorce. The claim here is one for inadequacy. The complaint herein is drawn in great factual detail concerned primarily with the allegations that the financial provisions of the separation agreement are insufficient due to the defendant's deception as to his financial condition. There is no allegation that plaintiff is seeking public support. It sets forth the length of time and the negotiations by both parties to accomplish the eventual result. The first cause of action remains and if the support provision of the agreement was procured by some false or other devious methods, it can be determined upon the trial under that part of the complaint. Section 51 was not intended to determine the adequacy of the financial arrangements unless there was a clear showing that the quantum of the support was primarily intended to relieve the husband of his financial obligation.

In *Haas* v. *Haas* (298 N. Y. 69) the support terms in the agreement were subject to abatement upon the happening of certain events involving the wife and is distinguishable from the present case. Here the terms of the agreement do not relieve the husband from his duty to support his wife but definitely fixes the financial obligations for such support as " absolute, unconditional and irrevocable ".

Our affirmance should be considered without prejudice to the making of a proper motion to amend at Special Term if plaintiff be so advised. Order should be affirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Order affirmed, without costs.