Pelham St. George Bissell, 3rd, J.
Plaintiff moves for summary judgment on the first cause of action. Defendant requests summary judgment.
Plaintiff instituted the first cause of action based upon a separation agreement. The pertinent sections of the separation agreement dated March 9, 1959 provide, in part, as follows:
“ (b) The provisions of this agreement shall not be construed to prevent either party from suing for an absolute divorce but no decree so obtained by either party shall, unless mutually agreed to by and between the parties hereto, in any way affect this agreement or any of the terms, covenants, or conditions hereof, this agreement being absolute, unconditional and irrevocable, and both parties intending to be legally bound thereby.
“ (c) In the event an action for divorce is instituted by one of the parties against the other, or in any legal proceeding by any one of the parties, there shall be exhibited to the Court an executed copy of this agreement duly acknowledged by both parties and thereafter, such copy may be incorporated in the interlocutory decree or final decree, if such should be granted, or without such incorporation it shall have the same force and effect as if this agreement were set forth in full in such interlocutory or final decree of divorce.”
*734 On January 28, 1960, the parties entered into a modification of the original agreement to the extent only that for the six-month period from January 1, 1960 to June 30, 1960, payments were reduced from $675 a month, as provided in the original agreement, to $500 a month. It was specifically provided that the original agreement was not waived except for said six-month period.
On May 3, 1960, there was a further modification agreement which reduced the amount payable monthly to $350, “ payable on the first day of each month commencing April 1, 1960, provided payments thereof be made promptly each and every month thereof.” It further provided the following: “ (4) In determining prompt payment in paragraph (2) herein, the parties hereto agree that payment within ten business days after the first of each month, shall be deemed prompt payment. Conversely, if payment is made subsequent to ten business days excluding Saturday, Sunday and legal holidays, after the first day of each month, the party of the first part shall have the right, at her option, to sue for damages for breach of the original agreement executed March 9, 1959, in that, thereafter, she shall be entitled to receive $675 each month from the date of said breach, in accordance with the original agreement.”
Thereafter in May, 1960, plaintiff instituted a divorce action in Mexico, and on May 20, 1960, defendant appeared and answered and submitted to the jurisdiction of the Mexican court.
Defendant alleges that the separation agreement is in violation of section 51 of the Domestic Delations Law in that it constituted a contract to dissolve the marriage by divorce. The defendant claims that prior to the agreement of March 9, 1959 and the subsequent modification agreements, the plaintiff promised the defendant that she would get a divorce, and that defendant signed the agreements on the understanding that plaintiff would get a divorce.
The main issue is whether the separation agreement is contingent or conditioned upon the obtaining of a divorce and, if so, it is in contemplation of such divorce and against public policy. If, however, the terms of the separation agreement are effective regardless of any divorce proceedings, it is not against public policy (see Kepner v. Kepner, 12 A D 2d 204).
The terms of the separation agreement and the modifications thereof are definitely effective regardless of any divorce proceedings, and therefore it is not against public policy.
The cases cited by defendant are not applicable herein and are distinguishable.
*735 In Schley v. Andrews (225 N. Y. 110) cited by defendant, the plaintiff signed a confession of judgment for $35,000 to be effective only if the defendant procured a divorce. In this action now before the court, none of the provisions for support of the plaintiff are dependent upon the procurement of a divorce. The separation agreement, dated March 9, 1959, and the subsequent modifications, stand alone and can be enforced without the procurement of a divorce.
In Stahl v. Stahl (221 N. Y. S. 2d 931) cited by defendant, the agreement provided for payment of support in the event that there was a future separation. The court held that an agreement between husband and wife to separate in the future, or which has for its object the future separation of the parties or provides for a possible separation in the future or a separation contingent upon the happening of a future event, is void as against public policy. In this action now before the court, the parties had already separated, and there was no specific provisions for a future separation.
In the memorandum of law submitted by the plaintiff, there are numerous cases which explicitly show that defendant’s contentions are without merit.
The other arguments and defenses interposed by the defendant are likewise without merit.
All in all, the defenses submitted by defendant are not meritorious.
Accordingly, plaintiff’s motion for summary judgment is granted, and judgment may be entered in favor of the plaintiff and against the defendant for the amount demanded in the complaint. Defendant’s request for summary judgment is denied.