Allread, J.
This action originated in the probate court and was one to register and quiet title, under the provisions of the Land Registration Act. The probate court dismissed the petition for registration as to the real estate in controversy upon the ground that there was an outstanding title in favor of Pha and Jonnie Davis, daughters of John A. Davis, a devisee under the will of' Benjamin R. Davis.
From this judgment an appeal was taken by the plaintiff to this court. The right of appeal was sustained upon the ground that the jurisdiction involved chancery relief and that the probate court *165 was a court of record within the meaning of Section 6, Article IV of the Constitution.
The case involves a construction of the following items of the will of Benjamin R. Davis:
“ITEM 3. I further will and desire [devise] one-half of said farm to my grandson John Davis (son of my late son James Davis) to be taken possession of by him upon his becoming of the age of majority and then to be held by him and his heirs, in fee simple upon condition that he pay to his sister Margaret Davis (my granddaughter) the full value in money or property as she may desire, of one-half of the share of said farm hereby devised to him.
“ITEM 6. In case my said grandson John Davis should die before becoming of age or without children then the half of said farm devised to him shall go to the children of my said son Nelson Davis, to be taken possession of at the time they get possession of their half of said farm, subject however, to the same condition in regard to the payment to said 'Margaret as I have hereinbefore stated in regard to said John and in case said John shall die leaving children then it is my will that his male children inherit his portion of said farm, in preference to his female children.”
The will was executed February 2, 1862, and was probated February 24, 1862. John Davis, mentioned in Items 3 and 6, was four years of age at the time of the execution and probation of the will. He survived the testator and is still living. His estate by successive conveyances has been transferred to the plaintiff, Charles Persinger. Pha and Jonnie Davis claim an interest in the estate *166 under Item -6, as the only children and representatives of their father,' John Davis.
■ Benjamin R. Davis by his will disposed of his 500-acre farm-. The. general scheme of disposition was that his surviving son; Nelson, was to have possession and control of the entire farm and support the 'widow and unmarried daughters until the youngest of his own children, and John, the minor son of James, should become of the age of twenty-one years. Subject to the provision for the support of the- widow and daughters one-half the farm was to go to the children of Nelson upon the arrival at age of the youngest. There was no limitation upon the title taken by the children of Nelson after majority.
The other half of the farm was disposed of under Iteme 3 and 6 of the will.
The most; significant fact expressed in Items 3 and 6 of the will is that John Davis upon reaching the age of majority was to hold the estate devised in fee simple, and upon condition that he pay to his sister, Margaret, the full value in money or property of her. one-half interest.
No proper construction of the will can be made without a consideration of these as the central provisions of the devise to John.
The testator evidently contemplated that it was probable that his:, death would occur before John and the other grandchildren would arrive at the age of majority. He evidently did not intend that the grandchild,. .John, should take an absolute estate during his -minority,. and with the possibility in view that .John -might die during minority, and without a representative, made provision for that *167 contingency by creating a contingent remainder or executory devise in favor of the children of Nelson. So far we think the intention Of the testator is easily ascertainable. . The real difficulty arises in the concluding sentence of Item 6, “and in case said John shall die leaving children then it is my will that his male children inherit his portion of said farm, in preference to his female children.”
We approach the construction of this item under a well-settled rule of construction, quoted with approval at page 364 of the opinion in the case of Collins v. Collins, 40 Ohio St., 353, from the case of Thornhill v. Hull, 2 Clark & Finn., 22, as follows:
“It is a rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate can not be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate.”
The testator here clearly intended to convey a fee simple estate to John upon his arriving at the age of twenty-one years. The estate was then given to him and his heirs in fee simple. These are the most comprehensive terms which a testator can use to confer an absolute and unqualified estate. McCrea v. McCrea, 5 Ohio App., 351.
Baxter, Admr., v. Bowyer et al., 19 Ohio St., 490; Johnson et al. v. Johnson, 51 Ohio St., 446, *168 and Robbins v. Smith, 72 Ohio St., 1, involved terms which imported prima facie an absolute estate. They did not involve terms importing clearly and conclusively an intention to grant a fee simple estate in the first taker.
To the comprehensive grant in fee simple is added the effect of the provision requiring John to purchase the half interest of his sister at its full value.
The courts have gone to the extent of holding a limitation over after a grant of an estate in fee simple void, Hull v. Chisholm, 7 Ohio App., 346; Tracy v. Blee, 22 C. C., N. S., 33; Steuer v. Steuer, 8 C. C., N. S., 71, and Widows’ Home v. Lippardt, 70 Ohio St., 261.
It is not necessary to go that far in the present case. The -estate devised to John upon his arrival at majority being clearly one in fee simple the concluding clause of Item 6 must if possible be ■harmonized and so construed as not to divest the fee simple estate so granted.
Under the will John was not to have the estate in fee simple until he arrived at the age of twenty-one. There were two possible contingencies which might happen in the meantime:
1. John might die before arriving at majority, without children.
2. John might die before arriving at' majority, leaving children.
The first contingency was provided for in the contingent' devise to the children of Nelson. It is true that the devise to the children of Nelson was contingent upon John’s dying during minority or without issue, but we think under the terms employed *169 in Items 3 and 6, together with the general scheme of disposition in the will, that the word “or” should he read “and,” in harmony with the decision in the case of Lessee of Ward v. Barrows, 2 Ohio St., 242. We think such construction is supported in the present case by a much stronger reason than in the case of Lessee of Ward v. Barrows, because of the clearly expressed intention in the present will to Vest an absolute estate in John upon his arriving at majority.
The other contingency which the testator contemplated was John’s death before arriving at twenty-one years, leaving children, and that contingency was evidently intended to be provided for by the concluding clause of Item 6. This construction would harmonize Item 3 and Item 6. It is the only construction which can be given of the latter clause of Item 6 which would not be inconsistent with and repugnant to the primary estate granted in Item 3. An averment is drawn from the fact that a fee simple estate in John when he arrives at majority would change the course of descent from that indicated in Item 6. A grant in fee simple imports the right of the grantee to convey the estate to a stranger or permit it to descend under the statute. This is an incident to a fee simple estate and is implied in the devise in fee simple. Under the construction so given, John Davis upon his arriving at the age of twenty-one took an absolute fee simple estate, with a right to convey the same, and the plaintiff, Charles Per-singer, who acquired the estate of John Davis by mesne conveyances, is entitled to have the estate *170 quieted and registered under the provisions of the Registry Act.
It is urged that the Registry Act is unconstitutional because it may be employed to destroy the estate of a person not in being. Whatever the effect of a decree might be as to a person not in esse, we think the statute is valid as to the parties in being, who are capable of and do appear and defend.

Decree accordingly.

Kunkle and Ferneding, J.J., concur.