## KUNDERT v. KUNDERT.

*Divorce and alimony—Wife granted divorce and husband's property as alimony for his aggressions—Husband prosecuted error and judgment reversed as to alimony—On retrial, error to deprive wife of dower in husband's property—Equitable attack upon judgment, a proceeding in personam—Judgment not vacated, but party deprived of benefits thereof.*

1. In a divorce suit, where the court had jurisdiction of the subject-matter and the parties, a decree of divorce was granted for the extreme cruelty of the husband, and the wife was given the real estate of the husband as alimony; the husband prosecuted error, but waived error as to that part of the decree granting the wife a divorce; the Court of Appeals reversed the decree as to alimony and remanded the cause for trial *de novo* on that issue; on second trial the court found that the wife had been guilty of gross neglect of duty, and refused to grant her alimony, and made an order barring her of dower in the husband's real estate. *Held*, that the divorce being granted for the aggression of the husband, it was error for the court to make an order depriving the wife of dower.

2. An attack, in equity, upon the validity of a judgment is not a proceeding *in rem*, and does not assail the court in which the judgment was rendered, or seek to change, modify, suspend, or vacate the judgment, but is a proceeding *in personam* against a party to the judgment, seeking to deprive him of the benefit of the judgment.

(Decided January 24, 1927.)

ERROR: Court of Appeals for Summit county.

*Messrs. Rockwell & Grant,* for plaintiff in error.
*Messrs. Motz & Morris,* for defendant in error.

WASHBURN, J. Capitola Kundert, before her

marriage, owned some city lots, not of very great value. She married Oscar Kundert, who owned a house and lot, more valuable than the lots which she owned. They had trouble and separated; no children were born of the marriage.

The wife brought suit for divorce and alimony; the husband, being duly and regularly served with process, filed an answer and cross-petition; the case was set for trial, and the wife with her attorney appeared. The husband, not having received word from his attorney, did not appear, but his attorney was present, and the trial proceeded and resulted in a decree granting a divorce to the wife for the aggression of the husband, giving to her the husband's property as alimony and divesting the husband of dower in the lots of the wife.

The husband perfected error proceedings in this court, and at the hearing of the case the husband "in open court withdrew that part of his petition in error which asked for a reversal of the judgment of the court of common pleas of said county granting defendant in error a divorce from the plaintiff in error."

The cause, being heard on the petition in error complaining of the judgment as to the alimony, was reversed, and was remanded to the common pleas court with directions "to hear and determine said issue as to alimony and property rights de novo."

Thereafter the husband filed an amended answer and cross-petition in the common pleas court, alleging that the decree for divorce theretofore obtained by the wife was obtained by fraud practiced upon him and the court, and as a ground for divorce the husband alleged that the wife had been guilty of gross neglect of duty and extreme cruelty, but

there was no allegation that she left her husband and dwelt in a state of adultery; the prayer of the cross-petition was that the decree of divorce to the wife be set aside, and that the husband be granted a divorce from the wife, and for such equitable relief as "the nature of the case requires."

Upon the trial the common pleas court refused to set aside said divorce decree in favor of the wife, but found that she had been guilty of gross neglect of duty and therefore was not entitled to alimony, and ordered and adjudged that the husband should retain his property and that the wife should have no dower therein.

This judgment of the common pleas court is now before this court for review upon a petition in error filed by the wife, and there is no bill of exceptions setting forth the evidence upon which the common pleas court decided the case.

The wife claims that, the decree granting her a divorce for the aggression of the husband being unreversed and in full force and effect, she was, as a matter of law, entitled to dower in the real estate of the husband, and that the common pleas court was without power to deprive her of the same; also, that the court was required to grant her some alimony, no matter what the competent evidence under the pleadings was.

Section 11990, General Code, provides:

"When a divorce is granted because of the husband's aggression, by force of the judgment the wife shall be restored to all her lands, tenements and hereditaments, not previously disposed of, and the husband barred of all right of dower therein. If she so desires the court shall restore to her any

name she had before such marriage, and allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.''

Section 11991, General Code, is as follows:

''Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable. If the wife survives her husband, she also shall be entitled to her right of dower in his real estate not allowed to her as alimony, of which he was seized during the coverture, and in which she had not relinquished her right of dower.''

Some courts have held that the language of these sections in reference to alimony is mandatory, but when construed in connection with Section 11992, General Code, we do not think that they require a court to make an allowance of alimony to a wife in every case where she is granted a divorce for the aggression of her husband; if the facts bring a case within the provisions of Section 11992 the court may grant alimony to the husband although the divorce is granted upon his aggression, and in such a case, of course, the court would not be required to grant alimony to the wife; the court in no event is required to grant alimony that it does not deem ''reasonable and equitable;'' it is not at all difficult to suppose a case in which it would not be equitable and just to grant alimony to a wife, although the husband may be found more at fault than the wife and the divorce be granted on his aggression; the trial judge is vested with a large discretion, a judic-

ial discretion, however, that is subject to review by the Court of Appeals.

In the case at bar the transcript shows that the wife was allowed considerable alimony pending suit, and, of course, the trial judge in determining whether an allowance of permanent alimony should be made, considered all the facts and circumstances, and in the absence of a bill of exceptions, or a finding of facts, we assume that the facts, evidence of which was competent under the pleadings, were such as to warrant him in finding that it would not be equitable and just to grant permanent alimony to the wife, and we cannot find that he abused his discretion in refusing to grant alimony to the wife.

As to the order barring the wife from dower in the husband's property, the situation is different. Barring dower is not within the discretion of the trial judge. Indeed, that matter is not subject to the orders of a court in a divorce proceeding. Dower is a creature of the statute and is regulated and controlled by statute; it is provided that if the divorce is granted for the aggression of the husband, and the wife survive her husband, she "shall be entitled to her right of dower in his real estate not allowed to her as alimony, of which he was seized during the coverture, and in which she had not relinquished her right of dower."

It is not within the power of a court in a divorce proceeding to deprive the wife of her dower without her consent, where the divorce is granted to her for the aggression of the husband. *De Witt* v. *De Witt*, 67 Ohio St., 340, 66 N. E., 136.

It is claimed, however, that there are peculiar circumstances in this case which authorized the

trial judge to make the order which he made, cutting off the wife's contingent dower right.

At the former hearing in this court only the judgment for alimony was reversed, and the judgment as to the divorce was, by consent, permitted to stand, and in reference to the alimony the case was remanded for trial *de novo*.

It is claimed that at such trial *de novo* the court had a right to determine that the wife, and not the husband, was guilty of such an aggression as would warrant the granting of a divorce, and that the trial court, having so found, could make any order as to alimony or dower which such a finding would warrant.

We do not agree with such contention; the decree for divorce was made in a case where the court had jurisdiction of the subject-matter and of the parties, and that decree had not been modified or reversed, and was in full force and effect and binding upon the parties, unless it was attacked directly either by proceedings under the Code to suspend it, which was not done in this case, or by a suit invoking the equity power of the court; the resort to equity could have been by an original suit for that purpose, or as a defense, as was attempted in this case, when the husband charged that said divorce decree had been obtained by fraud practiced upon him and the court.

If he had been successful in that claim, such decree could not have been vacated or set aside, but the court would have adjudged the property rights of the parties as between themselves in relation to said decree, said proceeding being strictly *in personam*; and, inasmuch as by said original decree facts were found, which, under the statute, estab-

lished the wife's right to dower, the court would have had authority, if it had found that that decree was obtained by fraud, to enjoin the wife from claiming or enforcing her right to such dower.

When the validity of a judgment is attacked in equity, either by way of defense or by a separate suit, an equitable remedy is invoked, which was known before the remedy by special proceedings was provided by the Code. *Darst* v. *Phillips,* 41 Ohio St., 514; *Michael* v. *American Nat. Bank,* 84 Ohio St., 370, 95 N. E., 905, 38 L. R. A., (N. S.), 220.

Such equitable remedy is not a proceeding *in rem,* and does not assail the court in which the judgment was rendered, or seek to change, modify, suspend, or vacate the judgment, but is a proceeding *in personam* against a party to the judgment, seeking to deprive him of the benefit of the judgment by enjoining him from enforcing it.

Upon the record as it stands, the court found against the husband upon his claim that the divorce decree was obtained by fraud; the husband is not here complaining of that finding, and it is therefore conclusively settled that the divorce was granted for the aggression of the husband. *Moulton* v. *Moulton,* 76 Me., 85.

The divorce having been granted, the status of the parties and their dower rights were fixed by statute and could not thereafter be changed by the mere finding of the court that the wife had been guilty of gross neglect of duty; that would be a collateral attack on the judgment in the same case in which the judgment was rendered; having failed to have the judgment reversed and having failed in his direct attack upon the judgment on the ground of fraud, and not having proceeded under the Code

to have the judgment suspended, the husband was bound by said judgment and the consequences thereof.

There is a line of cases which holds that in a divorce suit where the wife has been served by publication only, and does not enter her appearance in any way, and has no knowledge of the pendency of the suit, and the property involved is not specifically described in the petition and notice of publication, she is not bound by the judgment entered therein in reference to her rights in the property of her husband. In such cases the court is without jurisdiction to render a judgment affecting the property rights of the wife.

That was the case in *Bay* v. *Bay*, 85 Ohio St., 417, 98 N. E., 109, where there was a direct attack on the judgment, and also a charge of fraud in procuring same; and in practically all the cases we have examined where relief has been granted against a judgment there was either a lack of jurisdiction or a fraud practiced upon the complaining party and the court.

But this is not such a case. Here the husband was a party to the suit, regularly served, he filed an answer and cross-petition and was represented by counsel at the trial, and in the second trial failed to establish his charge of fraud; therefore the trial court in rendering judgment as to alimony in the second trial was bound by the finding in the decree that the divorce was granted for the aggression of the husband, and hence could not make any order depriving the wife of the dower given to her by statute under such a state of facts.

The divorce statutes presuppose that the finding as to which one is the aggressor shall be made in a

judicial proceeding and by a court having jurisdiction *in rem* of the property involved, or of the person whose dower rights are to be affected, and that, in the absence of such jurisdiction of the person or property, or both, an order affecting the property rights of a person not having his day in court is not binding on him. *Doerr* v. *Forsythe, Adm'x.,* 50 Ohio St., 726, 35 N. E., 1055, 40 Am. St. Rep., 703; *Mansfield* v. *McIntyre,* 10 Ohio, 27.

It must be remembered that this is not an appeal case, as was *Cox* v. *Cox,* 19 Ohio St., 502, 2 Am. Rep., 415, nor, as in that case, is the question involved one of alimony, concerning which the court had discretionary power, but is a question of dower, which is governed by statute.

The case of *Davis* v. *Davis,* 86 Ky., 32, 4 S. W., 822, was a case where the court had jurisdiction of the parties and the subject-matter, but it differs from the case at bar in that, in that case, the reviewing court did not have power to reverse the divorce decree, while in our case we had power to do so, but when that matter was before us in the former case the husband waived his right to have us pass on that question.

In the Kentucky case the court expressly found that the divorce decree was erroneous and should be reversed, but not having power to set aside the divorce it expressly reversed all of the consequences of the divorce decree except the severance of the marriage relation; in our case, with the consent of the defendant, we affirmed the divorce decree and reversed only the alimony judgment.

The Kentucky case was reversed so as to restore to the complaining party her right to claim alimony, while our case was reversed to give to the com-

plaining party a right to defeat an order for
alimony, and upon retrial the court not only grant-
ed that relief, but went further and deprived the
plaintiff of a right of dower given her by operation
of law, as the result of that part of the judgment
which the complaining party consented should not
be reversed.

"Where a question of fact has once been tried
and adjudicated by a court of competent jurisdic-
tion, it cannot be reopened in a subsequent suit be-
tween the same parties.  They are concluded by
the former judgment."  *Grant* v. *Ramsey,* 7 Ohio
St., 157.

Where a question of fact has been tried and ad-
judicated by a court of competent jurisdiction and
such finding is not reversed or modified by a re-
viewing court, such question cannot be relitigated
in a subsequent retrial of the case, except by direct
attack under the statute, or in equity, such as was
unsuccessfully made in this case.

The suggestion is made that, as dower is prop-
erty, the barring of the wife's dower was an award
of alimony to the husband.

Dower is property in a sense, but not in the
sense involved in such suggestion; the positive
provisions of the statute regulating dower cannot
be nullified by regarding it as property, subject to
the alimony order of the court.

It is also suggested that as Section 8611, Gen-
eral Code, bars the wife's right of dower if she
leaves her husband and dwells in adultery, a re-
viewing court, in the absence of a bill of exceptions,
should assume that evidence of the wife's dwelling
in adultery was introduced and that it warranted
the barring of her dower; but no such claim was

made in the pleadings, and no issue was joined in reference thereto; we cannot assume that the court admitted incompetent evidence and then upon that evidence decided the case upon an issue not made by the pleadings.

The judgment of the trial court in reference to said dower, being erroneous, is reversed and held for naught, and in all other respects the judgment is affirmed.

*Judgment accordingly.*

PARDEE, P. J., and FUNK, J., concur.