### PHILLIPS v BOYD

Ohio Appeals, 7th Dist, Mahoning Co

No 2505. Decided December 30, 1938

Paul J. Fleming, Youngstown, for plaintiffs-appellees.

Abe Levin, Youngstown, for defendant-appellant.

**OPINION**

By CARTER, J.

This cause is before this court on appeal on questions of law. The parties will throughout this opinion be designated as plaintiffs and defendant.

This is rather a novel case. After plaintiffs had been sued and served with summons twice, first in the original action in 1927 wherein a default judgment was obtained by defendant against plaintiffs, and again in 1930 when an action was instituted by the defendant against the plaintiffs to marshall liens based on the judgment recovered by defendant in 1927 and a finding again made by the court in favor of defendant and certain real estate ordered sold in that proceeding to satisfy the judgment and not until about two years after this action to marshall liens had been instituted was the present action begun, and after sustaining demurrers and various motions and dismissals for want of prosecution on the part of plaintiffs and reinstating same, the court making numerous findings and subsequently granting a rehearing, finally made a finding in favor of plaintiffs.

We will briefly state the facts as disclosed by the record. In the year 1923 the plaintiffs and defendant entered into a certain written contract which provided in substance that the plaintiffs employed the defendant as their agent to prepare, secure counsel for and prosecute their case against the village of Sebring for damage which the plaintiffs claimed they had and were sustaining by reason of the polluting of a stream known as Fish Creek, which ran through two pastures of their farm, the polluting being caused by the sewage disposal plant, and thereby constituted defendant, their agent and attorney in fact for them and in their name, place and stead to negotiate a settlement, employ counsel either to settle or prosecute in any court of competent judisdiction their action as their attorney and agent as in the judgment of defendant seemed best and to do any and all other things necessary to be done in connection with and for the purpose of either securing settlement or bringing suit and prosecuting same through the courts. For these services of the agent in investigating, negotiating and doing the other things necessary to be done, either to settle or bring suit through counsel employed by him, defendant was to receive 33 1/3% and the plaintiffs to receive 66 2/3% of the amount recovered. The contract further provided that the authority above given the agent was irrevocable and should with reasonable diligence investigate the facts, employ counsel and prosecute if necessary the claim in the courts. This contract was dated January 15, 1923 and signed by the plaintiffs and defendant.

It is claimed by the plaintiffs in the case at bar that the subject matter which was the basis of the contract above recited was to be settled in one year. However, the contract contains no such provision. It appears that after the expiration of one year in which some steps had been taken by defendant to dispose of the subject matter contained in the contract, this matter was apparently taken out of the hands of the defendant by the plaintiffs and placed in the hands of the law firm of Wall and Ruffalo, which firm was employed to handle same for plaintiffs, resulting finally in the firm securing for the plaintiffs $4400.00. One third of the amount, to-wit: $1466.66, was paid the firm of Wall & Ruffalo for their services, the balance having been turned over to the plaintiffs herein.

The next step came in the year 1926 when defendant began an action in the Court of Common Pleas, Mahoning County, against plaintiffs and known in that court as Case No. 62449, wherein defendant sought to recover a judgment from plaintiffs in the sum of $1466.66 under and by virtue of the provisions of the contract hereinbefore referred to. A summons was issued in that case and service had on plaintiffs, who took same to Ruffalo & Wall, their attorneys. No motion, demurrer or pleadings of any kind were filed in the case, and according to the petition in the instant case default judgment was on April 5. 1927 rendered in favor of defendant against the plaintiffs for the sum of $1466.66 with interest and costs.

Thus the record stood until May 28, 1930 when defendant Boyd brought his action against plaintiffs in the Court of Common Pleas, Mahoning County, and known as Case No. 76859, setting up the judgment recovered in cause No. 62449, and prayed for a marshalling of liens and sale of a farm belonging to the plaintiffs in order to satisfy the judgment recovered in 1927. There is no substantial claim made or urged that summons was not served on plaintiffs in their action to marshall liens. Apparently no defense of any kind was set up in this action by plaintiffs and about two years thereafter the following entry was in case No. 76859 made:

"May term 1932. May 13, 1932. Trial to court, judgment for Plaintiffs vs Defendant for $2160.35 which is a first lien on the premises, judgment to be paid within 5 days or order of sale to issue."

Apparently this amount was not paid within the five days, thus a second opportunity to at least attempt to defend against the judgment sought in 1927. The next we hear of the matter in issue, was on or about June 1, 1932, when on or about that time steps were taken by defendant to sell the farm to satisfy the judgment. Thereupon on June 1, 1932 a petition was by plaintiffs filed against defendant in the Court of Common Pleas of Mahoning County and numbered in that court as Case No. 84842, which is the present action, and designated petition to vacate judgment, the prayer being that the judgment in Case No. 76859 be vacated and set aside, that plaintiffs be allowed to set up their defense, that defendant be enjoined from further proceedings in execution of this judgment until the rights of the parties be adjudicated and by interlineation in the caption only the petition was permitted to be amended to include the Sheriff of Mahoning County as party defendant. No motion was made in this original petition to the judgment rendered in Case No. 62499. A temporary restraining order was allowed.

To this petition a motion was filed by defendant moving the court to dismiss the petition and dissolve the temporary restraining order on a number of grounds set forth in this motion. The court thereupon made the following finding on this motion:

"The court being fully advised in the premises finds that in Case No. 76859 defendants therein were legally served with summons on June 9, 1930 and that at the time of the entry of judgment therein, to-wit: May 11, 1932, the defendants were in default of answer or demurrer; that Case No. 76859 was one to marshall liens based upon a former judgment and was not obtained by fraudently securing the signatures of Albert K. Phillips and Alice E. Phillips as alleged in this case. It is therefore ordered adjudged and decreed that the petition herein be ? and the same is hereby dismissed and the injunction hereinbefore granted be dissolved at plaintiffs' costs."

No appeal was prosecuted to this action of the court. The next action was taken by plaintiffs in the case was the securing of leave to file an amended petition, and leave was by the court granted to file same instanter, temporary restraining order to issue and continue until further order of court. This amended petition was designated "amended petition to vacate judgment." This amended petition was of considerable length and set up fraud in the securing of the original judgment rendered in 1927 in case No. 62449 and also fraud in securing the judgment in case No. 76859, being the case wherein defendant sought judgment and a marshalling of liens. The prayer of the amended petition was as follows:

"Wherefore plaintiffs prayed that the judgments and decrees rendered in cases No. 62449 and 76859 be vacated, set aside and held for naught; that plaintiffs be allowed to set up their defense to both actions and that they be enjoined from further proceedings to satisfy the judgment."

A motion was filed by defendant to this amended petition moving the court to dismiss same for a number of reasons therein set forth. There was also a motion filed by plaintiffs moving the court to amend the entry of June 17, 1932 so as to include the following:

"Leave granted plaintiffs to file amended petition by August 1, 1932."

Also another motion by plaintiffs was filed seeking the vacation of the entry dated June 17, 1932 and a nunc pro tunc entry be now made granting leave to plaintiffs to file their amended petition to vacate judgment, which was filed as a matter of fact by leave of Judge Gessner July 9, 1932. The court disposed of these motions as follows:

"Motion to vacate entry of June 17, 1932

and amend same nunc pro tunc overruled. Motion to dismiss amended petition sustained. Amended petition dismissed. Motion of August 5, 1932 to amend entry of June 17, 1932 sustained and entry ordered modified and amended as per motion. Leave to plaintiff to file amended petition by December 10. Leave to file amended petition instanter which was filed."

This second amended petition was quite similar to the amended petition, it being designated "second amended petition to vacate judgment," the prayer being substantially, in fact, identical with the first amended petition. The next entry of record is as follows:

"Second amended petition dismissed for want of prosecution. Judgment versus plaintiffs for costs."

This was about one and a half years after filing of the second amended petition. The next entry disclosed by the record is as follows:

"Defendant has leave to move or plead to second amended petition by June 30, 1934."

About six days thereafter we find the following entry:

"Hearing entry of May 24, 1934 vacated and cause reinstated."

This was a vacation of the dismissal for want of prosecution. Five days thereafter the following entry appears:

"Second amended petition dismissed for want of prosecution. Judgment against plaintiffs for costs."

Sixty days thereafter the following entry appears:

"Entry of June 11, 1934 vacated and set aside, cause reinstated, defendant has leave to plead to second amended petition by September 29, 1934."

The next entry is as follows:

"Answer of plaintiffs filed."

This answer being apparently a claimed defense to cause No. 62449. Two days thereafter a demurrer was filed by the defendant to the second amended petition. Thereupon the following entry appears:

"Hearing demurrer to second amended petition overruled. Defendant to answer by October 29, 1934."

Next entry:

"Leave to answer by November 15, 1934, answer filed by defendant Boyd."

A reply was also filed by plaintiffs. October 26, 1927 trial to court submitted, decision reserved pending filing of briefs. The record does not disclose what disposition was made by the court of the issues following the filing of briefs as same apparently was not journalized, but from a subsequent entry the finding must have been favorable to the defendant Boyd as a motion was filed by plaintiffs for a rehearing on the decree and judgment rendered by the court on November 7, 1937, with reference to case No. 62449 for the reasons that the decree and judgment is contrary to law and against the weight of the evidence. Also a motion filed by the plaintiffs for a new trial. The next entry discloses the following:

"Hearing entry of November 27, 1937 and entry of November 15, 1937 vacated and set aside."

Cause set down for further argument upon merits and additional evidence was at that time submitted. About three months thereafter, on February 18, 1938, motion filed by plaintiffs for rehearing and leave to permit plaintiffs to file an amended petition. We find no record of any action by the trial court with reference to this last motion filed by plaintiffs and we think we can properly conclude that the court had an attack of writer's cramp. On April 28, 1938, according to the record before us, a motion was made by Boyd for a new trial. This disposition of the case not having been made until April 29, 1938. Thereupon on April 29, 1938 we find the following entry:

"This cause came on for hearing on the pleadings, consisting of plaintiff's second amended petition, defendant's answer, plaintiff's motion for a rehearing and the evidence, and on consideration thereof the court finds on the issues joined for plaintiffs; that said cause of action in said Case No. 62449 was one for damages for breach of contract and that the judgment rendered by the court thereon was not based on evi-

dence, but was merely rendered by default; the court further finds that the plaintiffs were denied the right to have the amount of damages, if any, determined by the court under evidence.

The court further finds generally for the plaintiffs under all the evidence.

It is therefore ordered, adjudged and decreed by this court that the judgment heretofore rendered in Cause of Action No. 62449 being and the same is hereby set aside and vacated conditionally, all liens being preserved; it is further ordered by this court that the judgment and decree heretofore rendered in Cause of Action No. 76859 be and the same hereby is vacated and held for naught.

Further, it is considered that the plaintiffs go hence without delay, and recover of said defendant R. C. Boyd, the costs taxed in this case; costs in Cases 62449 and 76859 are to follow the final disposition of these cases.

Motion for new trial overruled. Exceptions to all parties.

This day come the parties by their attorneys and this cause comes on to be heard upon the motion of the defendant to set aside the judgment and decree of the court heretofore rendered herein, and to grant a new trial; upon consideration thereof the court overrules the same. Defendant excepts and is allowed statutory time in which to prepare and file his Bill of Exceptions."

Thus comes to an end a proceeding that had its inception back in the year 1923. However, not as yet final, with reference to Cause No. 62449, a proceeding without name or precedent, having some of the earmarks of a proceeding to vacate a judgment after term and also having the earmarks of a proceeding in equity impeaching a judgment theretofore rendered. 11631 et seq of the GC, according to numerous court holdings in this state, are the only and exclusive method by which judgments and orders of a court may be vacated after term in which they are rendered. To this effect see In Re Robinson, Ap 391; Kornick v Hahn, 11 Oh Ap 388; Horvatz v Murri 24 Oh Ap, 109; Nash, admr v Commission 36 Oh Ap 481.

However, in this state it was early decided that when fraud is set up as a defense to a judgment, the judgment might be impeached. However, such is an original proceeding wherein the former judgment is attacked and impeached by reason of claimed fraud in the securing same, and the court disposed of same as in any original action. This the court did not do in the instant case for the apparent reason that the court in Case No. 62449 vacated the judgment entered in 1927 and left that matter open for further trial. However, without making a finding that that judgment was secured by fraud, neither making a finding under the provision of 11631 et seq that there was a valid defense. All made conditions precedent to the vacating of a judgment after term. However, as hereinbefore indicated, an answer was filed by the plaintiffs in this case setting up a claimed defense. The court in his entry with reference to case No. 62449 conditionally vacated and set aside the judgment rendered, therein preserving all liens, costs in both cases to follow the final disposition of the cases. The court in Case No. 76859 makes a different finding than its finding in Case No. 62449, this being the action instituted by defendant to marshall liens. In this case the court finds:

"That this was an action to marshall liens to effect collection of a default judgment rendered against plaintiffs in Case No. 62449, that all persons having liens were not made parties to the case, that there is a defect of parties rendering the title unmarketable at sheriff's sale, that the judgment and decree heretofore rendered in Case No. 62449 be and the same is hereby vacated and held for naught."

Apparently the court wrote finis as to Case No. 76859, but not so with Case No. 62449. Without prolonging this opinion further we are of opinion that this action was one for vacation of judgment in Case No. 62449, being a judgment sought to be set aside after term and was prosecuted under and by virtue of §11631 et seq GC. That this judgment was attacked on the ground of fraud as provided in sub-section 4, 11631 GC. That under the provisions of §11640, GC proceedings to vacate a judgment secured through fraud must be commenced within two years after judgment rendered. The petition on its face discloses that this action was not brought within the two year period after rendition. A demurrer was filed by defendant to the second amended petition on the ground that it appeared from the face of the petition that the cause of action therein set forth was not brought within two years. We think this demurrer should have been sustained by the

trial court and that the court was in error in overruling same, and inasmuch as this defect cannot be remedied by amendment, the judgment of the lower court is reversed and final judgment rendered in favor of defendant as affecting Cause No. 62449. Now as to Cause No. 76859, the court vacated this judgment and pronounced it void for the reason that there was a defect of parties rendering the title unmarketable. The judgment in Case No. 76859 was according to the amended petition rendered May 13, 1932. The petition to vacate filed June 1, 1932 and therefore within term, the court has control of its judgments, orders and decrees during term and on the finding of the court that all parties were not brought in, we hold there was no abuse of discretion on the part of the trial court in vacating and holding for naught the entry of the judgment in this case for the reason assigned by the court, and therefore the finding and judgment in Case No. 76859 is affirmed.

NICHOLS, PJ and BENNETT, J, concur in the judgment.