TRAUL, APPELLANT, *v.* KREINBIHL ET AL., APPELLEES.

(No. 372—Decided June 9, 1947.)

*Mr. Roy Warren Roof* and *Mr. Howard A. Traul,* for appellant.

*Mr. Paul T. Mahon* and *Mr. Oren E. Dickason,* for appellees.

CARPENTER, J. This appeal on questions of law is from a judgment sustaining a demurrer, filed by the defendants, and dismissing the petition solely on the ground that the court did not have jurisdiction of the subject of the action. The demurrer raised also the questions of the capacity of the plaintiff to sue and the sufficiency of the petition, but the court, having concluded it did not have jurisdiction, expressly did not determine them.

The defendants were the executors of the estate of Phil M. Crow, deceased, appointed by the Probate Court of this county, and Emma Arndt, a resident of Allen county, Ohio: The plaintiff sued in behalf of himself and all other creditors of the Peoples Commercial Bank of Bellefontaine, Ohio, which was insolvent and was taken over for liquidation by the Superintendent of Banks February 24, 1931. Phil M. Crow had owned 118 shares in that bank and on December 30, 1930, transferred them to Emma Arndt. The shareholder's liability on this stock was $11,800, and when the claim for it was presented to Emma Arndt and Phil M. Crow by the superintendent, they each claimed to be insolvent and unable to pay. On May 6, 1935, an action on such liability was filed against Crow in the Court of Common Pleas of Allen county. It is not alleged that Emma Arndt was a party to that action.

It is alleged that Crow falsely and fraudulently represented to the superintendent and testified he was insolvent and could not pay the $11,800 and interest then due, but could and would pay $6,000 in full settlement of that claim; and that thereby, Crow, induced that court to render its judgment against him for that amount on November 10, 1936, when in fact at that time Crow was the owner of property worth $500,000. It is alleged also that Emma Arndt, at the time she represented herself to be insolvent, was the

owner of assets in value in excess of the bank's claim; and that, by reason of these fraudulent representations and false testimony, the creditors of the bank were defrauded out of $10,462.23, the difference between the $11,800 plus accrued interest and the $6,000 Crow paid.

The plaintiff alleges further that he did not discover this fraud until about March 12, 1945.

The prayer is for a judgment against Emma Arndt and the executors of the Crow estate for the amount above stated and that the judgment of the Court of Common Pleas of Allen county "be set aside and held for naught."

The sole question before this court is whether the Court of Common Pleas of Hardin county had jurisdiction of the subject of this action; whether a cause of action is stated is not in this appeal.

Consideration of this question may be approached from two standpoints. If this is simply an action for money based on the fraud alleged to have been practiced by Emma Arndt and Phil M. Crow, there can be no doubt that the court had jurisdiction of both the subject of the action and the parties. The executors were appointed by the Probate Court of Hardin county, one of them resided in such county and the service of process on them was properly made. The demurrer entered Emma Arndt's appearance herein. As to her, this is only an action for money based upon her alleged fraud.

On the other hand, if, as the trial court and the parties seem to regard the problem, it was necessary for plaintiff's recovery that the judgment of the Allen county court be nullified, especially as a possible defense herein by the Crow estate, then quite another issue is presented.

The trial court did not express in the record the basis for its judgment, but it is argued that the only

relief available to the plaintiff was in the Allen county court, under Section 11631, General Code (103 Ohio Laws, 426), before its amendment in 1945, which empowered a court to set aside its own judgment after term on certain conditions. One of these, as stated in subdivision 10, was where the judgment was obtained "by false testimony" and "the guilty party has been convicted." That is not available because Crow was not so convicted.

Subdivision 4 of that section contains the broader language, "for fraud practiced by the successful party in obtaining a judgment or order." Under the limitation prescribed by Section 11640, General Code, a proceeding under subdivision 4 of Section 11631 must be brought within two years after the judgment was rendered. As much more than two years had passed when the circumstances allegedly constituting fraud were discovered, proceedings under that provision were closed to the plaintiff (*Phillips* v. *Boyd,* 28 Ohio Law Abs., 378). If he is entitled to any relief, it can only be by equitable remedy—a civil action under the Code—based on the claimed fraud, the limitation on which action is four years after "the fraud is discovered" (Section 11224, General Code).

Such relief by original action has been long recognized, even before the enactment of the Code of Civil Procedure (*Lockwood* v. *Mitchell,* 19 Ohio, 448, 53 Am. Dec., 438). Since the adoption of such Code, such relief was discussed in *Long* v. *Mulford,* 17 Ohio St., 484, 93 Am. Dec., 638, which was followed in *Coates* v. *Chillicothe Branch, State Bank of Ohio,* 23 Ohio St., 415. In *Darst* v. *Phillips,* 41 Ohio St., 514, the relief was obtained by an original action in Lucas county Court of Common Pleas wherein a judgment of the Court of Common Pleas of Williams county was impeached. In this respect, it is directly in point with

the case at bar. The syllabus in the *Darst case* clearly states the principle applicable here, as follows:

"The special proceeding provided by Section 5354 Revised Statutes [Section 11631, General Code], authorizing courts to vacate their own judgments rendered at a previous term, for fraud practiced by the successful party, is a cumulative remedy and does not exclude or limit the right of a party by original action to impeach a judgment or enjoin its collection for such fraud."

That case was cited and followed in the memorandum case of *Citizens Savings Bank & Trust Co.* v. *Robison, Admx.,* 91 Ohio St., 421, 110 N. E., 1057. Those cases were discussed by Chief Justice Marshall in *Seeds* v. *Seeds,* 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761, and the rule was carried into paragraph three of the syllabus.

In *Christmann* v. *Coleman,* 117 Ohio St., 1, 9, 157 N. E., 482, the principle of those cases was recognized even to the right to attack the judgment of a court in another jurisdiction, and the same is true in *Northern Ohio P. & L. Co.* v. *Smith,* 126 Ohio St., 601, 611, 186 N. E., 712.

The *Coates* and *Darst cases* were followed by the Circuit Court of the third circuit in *Howenstine, Admr.,* v. *Sweet,* 13 C. C., 239, 7 C. D., 498, wherein the Common Pleas Court of Logan county was held to have had jurisdiction of a collateral attack for fraud upon a judgment of the Probate Court of that county. In *Dahms* v. *Swinburne,* 31 Ohio App., 512, 167 N. E., 486, a petition in the Common Pleas Court of Hamilton county attacking for fraud a judgment of the Municipal Court of Cincinnati was sustained. In *Kundert* v. *Kundert,* 24 Ohio App., 342, 156 N. E., 237, it was pointed out that an action of such a character is not one in rem against the judgment attacked, but is a proceeding "in personam against a party to the

judgment, seeking to deprive him of the benefit of the judgment.''

As to both the personal and the fiduciary defendants, the trial court was in error in its conclusion that it did not have jurisdiction of the subject of the action, and its judgment dismissing the petition is reversed and the cause remanded for the determination of the other grounds of the demurrer and for further proceedings, if necessary.

*Judgment reversed and cause remanded.*

Stuart and Conn, JJ., concur.

Stuart, Conn and Carpenter, JJ., of the Sixth Appellate District, sitting by designation in the Third Appellate District.