PRICE *v.* HOBSTETTER, EXR., ET.

[Cite as Price v. Hobstetter, Exr., 9 Ohio Misc. 238.]

(No. 13682—Decided April 13, 1965.)

Common Pleas Court of Meigs County.

*Messrs. Halliday & Sheets, Mr. R. William Jenkins* and *Mr. W. Hayes Pettry,* for plaintiff.
*Messrs. Webster & Fultz,* for defendant.

BACON, J. Plaintiff commenced an action February 4, 1964, No. 13,598, his amended petition reciting that the defendant is the duly appointed, qualified and acting executor of the estate of Greta D. Price, deceased, that under the will of W. F. Price, deceased husband of Greta D. Price, admitted to probate in the Probate Court of Meigs County on the 21st day of August 1930, Greta D. Price received a life estate in the property comprising the balance of the estate of said W. F. Price after the payment of debts and specific legacies; that the remainder was to devolve at the death of Greta D. Price one-half to the nearest relatives of W. F. Price and one-half to the nearest relative of Greta D. Price; that plaintiff as nearest relative to W. F. Price is entitled to one-half of certain described real and

personal property; that plaintiff presented a verified proof of his claim against the estate of Greta D. Price to the defendant executor December 3, 1963, and was notified December 10, 1963, of the rejection of his claim.

Plaintiff asked judgment in his favor for one-half of the property particularly described in his petition, the basis of his claim being under the Ninth provision of the last will and testament of W. F. Price, which instrument reads as follows:

"LAST WILL AND TESTAMENT

"I, W. F. Price of the Village of Pomeroy, in the County of Meigs and State of Ohio, being of sound mind and memory, do make, publish and declare this my last will and testament, in manner following that is to say:

"First. I desire that all of my just debts and funeral expenses shall be paid as soon after my decease, as shall be found convenient.

"Second. I give devise and bequeath to my beloved father, George Melvin Price, the sum of ten thousand dollars.

"Third. I give, devise and bequeath to my beloved brother, Clarence Arthur Price the sum of ten thousand dollars.

"Fourth. I give devise and bequeath to my niece Virginia Ellen Price the sum of five thousand dollars.

"Fifth. I give devise and bequeath to my niece, Betty Ann Price the sum of five thousand dollars.

"Sixth. I give devise and bequeath to the Grace Episcopal Church of Pomeroy, Ohio, the sum of five hundred dollars.

"Seventh. I give devise and bequeath to the First Baptist Church (white) of Rutland, Ohio, the sum of five hundred dollars.

"Eighth. I give devise and bequeath to my beloved wife Greta D. Price all the balance of my estate, both real and personal, not hereinbefore devised.

"Ninth. It is my WILL that any balance of my estate that shall be left, at my wife's death, shall be divided equally, one half reverting to my nearest relatives, and the other half to the relatives of my wife, Greta D. Price.

"LASTLY, I hereby appoint my wife, Greta D. Price the executrix WITHOUT BOND of this, my last will and testament, hereby revoking all former wills by me made.

"IN WITNESS WHEREOF, I have hereunto subscribed

my name the 12 day of August in the year nineteen hundred and thirty. (1930)

W. F. Price

"We, whose names are hereto subscribed, DO CERTIFY that on the 12th day of August, 1930, the testator above named, subscribed his name to the instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be his last will and testament, and requested, us and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the testator and of each other, on the day of the said will, and write opposite our names our respective places of residence.

Virgil S. Campbell residing at Pomeroy, Ohio.

C. J. Rhodes residing at Minersville, Ohio."

Answering the amended petition in action No. 13,598, the defendant executor averred that all property, real and personal of every kind and description, which was devised to Greta D. Price under the last will and testament of her husband, W. F. Price, was transferred and delivered to her on or prior to September 11, 1932, and that such transfer and delivery vested in her an absolute fee simple title in and to all such assets; that plaintiff had not brought his action within the time limited for bringing such actions; that by virtue of her possession and ownership of said assets, which was adverse to all other persons, she was entitled to hold them and did hold them in absolute ownership at time of her decease; that plaintiff was barred from asserting any such claim because of his laches in failing to assert any claim for more than thirty years after the said assets had been transferred to Greta D. Price in her own right in September 1932. And when the defendant also answered that Greta D. Price, as executrix of the estate of W. F. Price, deceased, as plaintiff, filed an action for the construction of the last will and testament of W. F. Price, deceased, in the Common Pleas Court of Meigs County on June 27, 1932, against Greta D. Price, Clarence A. Price, W. F. Donnally, G. W. Donnally, Ella B. Jackson and Anna B. Paine, as defendants, said defendants being all the devisees named in the said will, being cause No. 8,526; that all of the defendants in said proceedings waived the issuance and service of summons, and entered their appear-

ance therein, including one Clarence A. Price, a defendant in said action, which Clarence A. Price is one and the same person as Clarence Arthur Price, the plaintiff in cause No. 13598. That said Common Pleas Court, in the action so filed, on or about the 8th day of August 1932, rendered a judgment and decree, which judgment and decree found that the defendant Clarence Arthur Price was entitled to a legacy of ten thousand dollars; which sum had been paid, and no more; that the court further entered judgment that Greta D. Price, a defendant in said action, was the owner in fee simple of all the real estate wheresoever situate, which the said W. F. Price owned at the time of his decease, and that the said Greta D. Price was the owner absolutely of all of the personal estate and effects of W. F. Price, deceased. In short, when defendant executor plead res adjudicata under the judgment in cause No. 8526, plaintiff sought and and was granted vacation of a trial date of October 20, 1964, and the cause was continued until further order of the court.

Plaintiff then commenced cause No. 13682 in the Common Pleas Court, apparently proceeding under Section 2325.01, Revised Code, seeking to vacate the decree in cause No. 8526 for fraud alleged to have been practiced by Greta D. Price. Plaintiff alleges Greta D. Price in order to obtain plaintiff's waiver of summons in said case No. 8526, an action to construe the will of W. F. Price, deceased, particularly the eighth and ninth provisions, represented that plaintiff's right and interest under clause nine of the will would be fully protected; that the object of the suit was to obtain the transfer of a land trust certificate; that such representations were false and that plaintiff did not discover their falsity until after the term of court in which the judgment was rendered.

Plaintiff further alleges his valid defense to cause No. 8526 to be that clause nine of the last will and testament of W. F. Price bequeathed a life estate to Greta D. Price, one half of the remainder to Clarence A. Price, in the residuary estate of W. F. Price.

Edison Hobstetter, executor of the estate of Greta D. Price, deceased, moves the court to strike plaintiff's petition because the action was not brought within the time limit for commencement of such an action, more than thirty two years having passed since entry of the judgment sought to be vacated, and

because the petition does not state a cause of action.

This court opines that Section 2325.10, Revised Code, means just what it says: That proceedings to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment must be commenced within two years after the judgment was rendered. The statute makes no exceptions. The reason of course is that legal proceedings are regarded as adversary and a defendant who has been summoned, or as in case No. 8526 waived service of summons and voluntarily entered his appearance, is bound to take notice of the judgment rendered. Ohio's lawmakers could very well have provided that in cases of alleged fraud the limitation does not run until the fraud is discovered, but they did not! The presumption is that they did not advisedly, that they intended those before the court must attend upon the judgments of the court, that they must use some diligence if they have proper ground to avoid the order of the court. Certainly a litigant has little cause to complain to the lawmakers where not only has he the right of appeal, but proper relief after judgment upon many grounds.

It must be pointed out that the lawmakers required notice of the judgment solely in cognovit cases in order for the two years limitation to commence. And the reason of course is obvious. The judgment is confessed against him in his absence, and he may only have actual knowledge of the legal proceedings against him when he reads of the judgment in some newspaper, or a writ of execution or proceedings in aid of execution are taken against him or his property. Those summoned and those who waive summons and voluntarily enter their appearance have actual notice of the proceedings before the judgment is rendered; incognovit cases often relief after judgment is defendant's only remedy and before any limitation can run against him he must, of course, have actual notice of the judgment.

This court believes, then, the law must be as stated in the first syllabus of *Phillips* v. *Boyd*, 28 Ohio Law Abs. 378.

"A petition in an action for vacation of a justment after term on the ground of fraud which shows on its face that it is not brought within the two year period after rendition as required by Section 11640, General Code (Section 2325.10, Revised Code), is subject to demurrer."

This court reaches this conclusion advisedly, aware that the case of *Traul* v. *Kreinbihl et al.*, 83 Ohio App. 344, 83 N. E. 2d 660, 38 O. O. 405, appears to decide that proceedings provided for under Section 2325.01, Revised Code, are not exclusive where one seeks to vacate a judgment; that he may secure an order in any Court of Common Pleas which has jurisdiction of the defendant, in an equity action, to vacate a judgment. The syllabus of the *Traul case* recites:

"A money judgment, the amount of which was limited by false and fraudulent testimony of the judgment debtor, may, in an equity action, be vacated by the Court of Common Pleas of any county which has jurisdiction of the person of such judgment debtor or his legal representatives."

This court does not believe that to be a correct statement of the law of Ohio. There is certainly no authority, yea, no power, which the Common Pleas Court of Hardin County may assert to vacate a judgment entered in the Common Pleas Court of Allen County. This court agrees with the result in the *Traul case*, the petition disclosing that it was an action for alleged fraud by a defendant, whose false testimony that he was insolvent prevented plaintiff obtaining judgment in full amount to which plaintiff was entitled in a stockholders' liability suit under a bank liquidation.

Apparently the trial court and the parties seemed to believe, before plaintiff could succeed in Hardin County, that "it was necessary for plaintiff's recovery that the judgment of the Allen County Court be nullified." But equity acts in personam. The Allen County judgment was a matter in rem. The Hardin County Court could not vacate the judgment of the Allen County Court. The Hardin County Court, providing it had jurisdiction over the person of defendant, could in a proper equitable action enjoin the defendant from pursuing or asserting the Allen County judgment as *res adjudicata* if it were adequately proved it had been unconscionably obtained.

The excellent opinion of Judge Carpenter in the *Traul case* does not support the syllabus as reported page 344, 83 Ohio App. It is not necessary, indeed the court may not have the power, to vacate a judgment in order to arrive at an equitable result. Because the court, in a proper case acting in personam, may say: "Very well, you have your judgment but it was un-

conscionably. or fraudulently obtained and you are enjoined from enforcing or asserting it." And if the action was properly brought and the record sustains the conclusion it will be sustained though taken to the highest court in the land.

No memorandum was filed in cause No. 13,682 opposing that filed with the motion of defendant executor, but the thought arose: Could plaintiff amend his petition to avoid the limitation provided by Section 2325.10, Revised Code? That is, could he assert an action under Section 2305.09, Revised Code, which requires it to be "brought within four years after the cause thereof accrued: (c) for relief on the ground of fraud," the cause not accruing until the fraud is discovered?

Equity follows the law. To escape or to leap over the four years legal bar plaintiff must prove he had only just discovered the "fraud" within such time. This would seem impossible.

Section 2703.09, Revised Code, provides: "an acknowledgment on the back of the summons or petition by the party sued or the voluntary appearance of a defendant is equivalent to service." The notice one must take of judgment entered in a lawsuit is very well stated in *Brickman et al,* v. *Shale et al,* 11 O. C. C. (n. s.) 41, 30 O. C. C. 372, aff'd 82 Ohio St. 425, 92 N. E. 1109, wherein Judge Henry said,

"Moreover, the plaintiffs here were parties to the judicial proceeding which culminated in the sale in question. The record of that proceeding produced here shows that they were duly served with summons, and they are conclusively chargeable with notice of each and every step, including the appraisal by Henry Beckman, the sale to Henry Beckman, Jr. * * *." If there was any badge or suggestion of fraud, however slight, manifest in this coincidence of names and relationship of parties, the plaintiffs will be affected with notice of whatever further facts would have been disclosed * * * had they then followed the matter up with reasonable diligence."

The laches of the Brickman plaintiffs was similar to that in this case, Judge Henry later in the opinion saying:

"A lapse of thirty years, after constructive knowledge to the plaintiffs of such * * * fraud as that here complained of, renders their equity utterly stale."

It must be concluded that plaintiff, Clarence Price, cannot surmount the bar of Ohio's statute of limitations upon equitable actions.

Before concluding this opinion let's completely sauce the goose. Supposing plaintiff has brought his action for relief on the ground of fraud within the time provided by law. Does his petition state a cause of action?

Plaintiff avers that in order to obtain his waiver of summons in Action 8526, the late Greta D. Price represented his rights and interests under the will of the late W. F. Price would be fully protected. Obviously, Clarence A. Price was aware of the provisions of the will of W. F. Price, deceased, and that his estate was in the process of probate, because on November 12, 1930, less than three months from the decease of W. F. Price, he signed receipts for the bequests totalling $20,-000.00 to himself and his daughters, Betty Ann and Virginia. Actually, the prayer of the petition in the adversary action in which he waived service of summons and entered his appearance, asked that the rights of each of the defendants, may be fully determined, adjudged and protected according to equity. Under the facts and the law it would appear this representation was in fact true.

Clarence A. Price avers as the final act of fraud that Greta D. Price also represented that the object of the suit was to obtain the transfer of certain land trust certificates. Actually, he had only to examine the probate proceedings in the probate court to discover that in fact that such certificates were transferred to her on July 24, 1931, eleven months before he signed the waiver of summons and entered his appearance.

Yet if upon any reasoning we assume these representations constituted fraud, Clarence A. Price must have known what it was he was defrauded of when they were made, namely, a waiver of summons and entry of appearance. He must have known what it was he signed when the representations he alleges were made. He could have been summoned if he failed to sign the waiver. What value can be placed upon a waiver of summons and entry of appearance? Surely the judgment which he was bound to take notice of, took no steps to vacate or reverse for more than thirty years, can be considered, in fixing this value.

Finally, supposing the order of the Common Pleas Court of Meigs County made August 8, 1932, could be vacated under proper proceedings, or an injunction obtained to prevent its application as *res adjudicata* of plaintiff's rights under the will of W. F. Price, deceased? No matter how many revolutions

plaintiff attempts he will find himself at the entrance of the revolving door, discharged there by the legal precedents of Ohio.

Although the facts of *Bodmann German Protestant Widow's Home* v. *Lippardt*, differ from the instant case, Judge Summers at page 282 of 70 Ohio St., states the rule as follows:

"The rule is, that when an estate is devised with an absolute power of disposal, a devise over of what may remain is void, but that where a life estate only is given in express words to the first taker, with an express power in a certain event, or for a certain purpose, to dispose of the property, the life estate is not, by such a power, enlarged to a fee or absolute right, and the devise over is good."

A case on all fours with the instant case is that of *Trumbull* v. *Stentz*, 30 Ohio App. 34, 164 N. E. 57, wherein the testator made the following provision:

"I give, devise and bequeath to my beloved wife, Almira Harsen, all my real and personal property belonging to me. It is my request that the property left at the decease of my beloved wife be equally divided between David P. Trumbull and Maud M. Stentz."

This court finds the law of Ohio to be as that contained in the syllabi of the *Trumbull case*.

1. Where will bequeaths or devises property to person absolutely and in fee simple and then by subsequent provision attempts to ingraft remainder upon the fee, so-called remainder is void, and first taker will take property in fee simple.

2. Words of inheritance are not necessary to passing of estate in fee simple by will.

3. Under will devising to wife all property belonging to testator and reciting testator's request that property left at decease of wife shall be equally divided between others, wife took estate absolute and in fee simple, and provision for subsequent division of property was ineffectual.

It is understandable why plaintiff in his various pleadings in causes Nos. 13,598 and 13,682 failed to set forth the eighth provision of the will of the late W. F. Price, which provided:

"I give, devise and bequeath to my beloved wife, Greta D. Price all the balance of my estate, both real and personal, not hereinbefore devised."

Clarence Price would avoid, if he could, application of these well settled principles of law.

If a fee is clearly given to the first devisee, a limitation over must be rejected; it is well settled that a remainder cannot be ingrafted on a fee.

*Stophlet* v. *Stophlet*, 22 Ohio App. 327, 153 N. E. 867.

Where an estate in fee simple is devised in clear and unequivocal terms, such estate will not be cut down or limited by a subsequent clause less conclusive:

*Persinger* v. *Britton*, 10 Ohio App. 164, 29 O. C. A. 316; *Kilgour* v. *Hey*, 19 O. N. P. (n. s.) 81.

A will devising real estate to one person generally and with absolute power of disposal, invests that person with a fee simple estate, notwithstanding the fact that the will further provides that whatever may be left of such estate upon the death of such devisee shall pass to some one else.

*Tracy et al.* v. *Blee et al.*, 22 O. C. C. (n. s.) 33, 28 O. C. D. 461.

And here perhaps it is well to adopt the language of Judge Henry in the *Tracy case*, the same judge who rendered the opinion in the *Brickman case, supra.*

"This court in *Steuer* v. *Steuer*, 28 O. C. C. 145, is committed to the proposition that a will of this sort, devising real estate to one person generally and with absolute power of disposal, invests that person with a fee simple estate, notwithstanding that the will further provides that whatever may be left of such real estate on the death of such devisee shall pass to someone else."

and especially, we find the following appropriate:

"we do not think it profitable to enter into an extended re-examination of the question involved."

It would appear that the law of Ohio is such that the motion of defendant in cause No. 13,682 must be sustained and plaintiff's petition dismissed. And further, that defendant is entitled to judgment upon the pleadings under earlier action cause No. 13598.

Entries may be prepared accordingly, saving exceptions to Clarence A. Price.